# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

LVB-OGDEN MARKETING LLC,

    Plaintiff,

  v.

SHARON G. BINGHAM,

    Defendant,

BANK OF THE WEST,

    Garnishee.

C18-786 TSZ

ORDER

THIS MATTER comes before the Court on Plaintiff's Motion for Clarification/Modification of Order re In Camera Review, docket no. 23, Garnishee Bank of the West's ("BOTW") Motion for Summary Judgment, docket no. 29, Plaintiff's Motion for Summary Judgment, docket no. 32, and Defendant's Motion for Summary Judgment, docket no. 33. Having reviewed all papers filed in support of, and in opposition to, the motions, the Court enters the following order.

ORDER - 1

**Background**

The parties are familiar with the events giving rise to this and related proceedings.[1] The Court will briefly summarize the key facts.

Sharon Graham Bingham ("Sharon Bingham") is the great-granddaughter of O.D. Fisher and Nellie Fisher who created trusts for the benefit of their heirs (together, "Fisher Trusts"). Sharon Bingham is the only remaining great-grandchild and is over the age of 45, and as a result she is "entitled to have distributed to . . . her the entire then remaining share . . . including any undistributed or accumulated net income thereof . . . held by the Trustee." O.D. Fisher Will, docket no. 5-1, § VI.2(G)(1); Nellie Hughes Fisher Will, docket no. 5-2, § VI.F-G. The trustee of the Fisher Trusts, currently BOTW, is only authorized to withhold disbursements if, based on the trustee's uncontrolled discretion, the beneficiary is "incapable of managing to his or her own best interest and advantage the property to be distributed. . . ." Section VI.G(3) of the Last Will and Testament of O.D. Fisher and Section VI.G(3) of the Last Will and Testament of Nellie Fisher, docket no. 5-1.

Plaintiff LVB-Ogden Marketing LLC ("LVB") is a judgment creditor of Sharon Bingham. In its efforts to collect on that judgment, LVB served BOTW with a writ of garnishment pursuant to Washington's garnishment statute on April 12, 2018. Docket nos. 2 & 3. That writ and the accompanying instructions specifically identified the Fisher Trusts and sought information about those accounts. Docket no. 5-3. BOTW answered

---

[1] *LVB-Ogden Marketing LLC v. Bingham, et al.*, Case No. 18-243-TSZ.

ORDER - 2

the writ by identifying one account containing $331.10.  Docket no. 4; Kowalewski Decl., docket no. 31, ¶¶ 4-5.  BOTW did not provide any additional information about the account, such as the last four (4) digits of the account number, nor did it identify any other property of Sharon Bingham in its possession.  LVB believes BOTW's answer is insufficient and controverted the answer pursuant to RCW 6.27.220.  The Court ordered the parties to file motions for summary judgment addressing whether a trial is necessary to resolve the issues raised in LVB's controversion.  Docket no. 22.  The parties have fully briefed the issue of summary judgment regarding LVB's controversion of BOTW's answer.

**Discussion**

    **I.     Standard of Review**

The Court shall grant summary judgment if no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  A fact is material if it might affect the outcome of the suit under the governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In support of its motion for summary judgment, the moving party need not negate the opponent's claim, *Celotex*, 477 U.S. at 323; rather, the moving party is entitled to judgment if the evidence is not sufficient for a jury to return a verdict in favor of the opponent, *Anderson*, 477 U.S. at 249.  To survive summary judgment, a non-moving party must "show through specific evidence that a triable issue of fact remains on issues for which the nonmovant bears the

burden of proof at trial." *Walker v. Shansky*, 28 F.3d 666, 670-71 (7th Cir. 1994), *aff'd sub nom. Walker v. Ghoudy*, 51 F.3d 276 (7th Cir. 1995); *see also Celotex*, 477 U.S. at 324. The adverse party must present affirmative evidence, which "is to be believed" and from which all "justifiable inferences" are to be favorably drawn. *Anderson*, 477 U.S. at 255, 257.

**II.     Plaintiff's Motion for Clarification/Modification**

In support of its Answer, BOTW offered to lodge additional materials supporting the Trustee's exercise of discretion for in camera review. Docket no. 13 at 11 n.3. The Court accepted the offer, and ordered BOTW to provide the information for in camera review. Docket no. 22 at 2. LVB filed a motion for clarification requesting access to whatever BOTW submitted for in camera review. Docket no. 23. The Court then stayed the order regarding in camera review, docket no. 24, but according to BOTW's counsel, the material had already been delivered to the Court. Docket no. 26 at 4 n.3.

BOTW's ex parte submission was received by the Court, but was not reviewed. The submission played no part in the Court's conclusions in this Order. Plaintiff is correct that due process demands that this Court not rely on ex parte communications or evidence to decide contested motions in this case. At the same time, Plaintiff cannot demand access to documents—not yet reviewed by the Court—which may be shielded by the attorney-client privilege or other confidentiality protections. Plaintiff's motion, docket no. 23, is DENIED. The subject matter of the in camera submission—purportedly the basis for the Trustee's decision to exercise its discretion not to make a distribution from the Fisher Trusts to Sharon Bingham—is potentially relevant to this garnishment

proceeding. Any such evidence, should any party wish to rely on it, must be provided to all parties and will not be reviewed in camera. This Order is made without prejudice to the parties negotiating an appropriate protective order or filing materials under seal. Furthermore the Court enters this Order without reaching any conclusion regarding whether the materials are subject to privilege or other confidentiality protections.

### III. The Adequacy of BOTW's Answer

The parties have filed extensive overlapping and at times duplicative briefing regarding Plaintiff's controversion of BOTW's answer to the writ of garnishment. The only issue in the pending cross-motions for summary judgment is whether BOTW's answer to the writ of garnishment is complete. RCW 6.27.190. Once served with a writ of garnishment, the garnishee must answer by listing "all of defendant's personal property or effects in [its] possession or control," if any. *Id.* BOTW identified one account having $331.10 in deposits that belonged to Sharon Bingham at the time the writ was served. BOTW argues that "there is no record evidence to suggest that BOTW possessed any other deposits of Defendant." Docket no. 29 at 2. BOTW argues that it need not list any accounts associated with the Fisher Trusts because the Fisher Trusts are discretionary spendthrift trusts and that the trustee has "uncontrolled discretion" to withhold those funds and it has exercised that discretion. BOTW Mot., docket no. 29, at 8-12.[2] That argument mischaracterizes the discretion given to the Trustee. The Fisher

---

[2] BOTW also argues that it need not have responded to the writ of garnishment because Plaintiff served "Bank of the West"—which admittedly controls the Fisher Trust accounts—rather than "Bank of the West as Trustee for the Fisher Trusts." Docket no. 34 at 3-4. Nothing in the garnishment statute requires such exactitude. *E.g.*, RCW 6.27.080 (distinguishing between writs naming financial institutions and

ORDER - 5

Trust documents provide that the Trustee has uncontrolled discretion to withhold distributions only "if . . . the Trustee shall deem in its uncontrolled discretion that the beneficiary entitled to such distribution is incapable of managing to his or her own best interest and advantage the property to be distributed. . . ." Last Will and Testament of O.D. Fisher and the Last Will and Testament of Nellie Fisher, docket no. 5-1.

BOTW has provided the Declaration of Stefanie Thibedeau, docket no. 30, regarding the trustee's discretion. Thibedeau, who is the primary fiduciary officer at BOTW responsible for the Fisher Trusts, attests that "[t]he Trustee has complete authority over the management of the Trusts' corpus, including uncontrolled discretion and an affirmative duty to distribute or withhold funds to the Trusts' beneficiaries as it sees fit." Decl. of Thibedeau ¶ 3; *see also id.* ¶ 7 ("The Fisher Trusts expressly provide the Trustee with <u>uncontrolled discretion</u> over the distribution of trust assets to Defendant."). That is not accurate. The trust documents grant the trustee uncontrolled discretion <u>only</u> in the context of making a determination that the beneficiary is incapable of managing her assets to her own best interest and advantage. There is no evidence before the Court indicating that the Trustee has made such a determination or the grounds for such a determination. That BOTW believes the Trustee has uncontrolled discretion to

---

writs naming specific branches of financial institutions); RCW 6.27.190 (sample form instructing garnishee to "[l]ist all of defendant's personal property or effects in your possession or control on the last page of this answer form or attach a schedule if necessary"). BOTW understood that it was being served with a writ of garnishment directed at Sharon Bingham's assets, and it further understood that Plaintiff sought information regarding the Fisher Trusts, specifically. Statement of Plaintiff's Counsel to Banking Institution, docket no. 5-3. It also admits that it is the financial institution that controls the Fisher Trust accounts. BOTW's belated attempts to avoid complying with the garnishment statute on the ground that Plaintiff served BOTW in the wrong capacity are not well-taken.

withhold distributions for any reason does not raise a dispute of material fact sufficient to withstand summary judgment. The Fisher Trust documents control. Because the only evidence in the record demonstrates that Sharon Bingham is over the age of 45, is the sole heir of the settlors, and is therefore "entitled to have distributed . . . the entire then remaining share" of the Fisher Trust assets, docket no. 5-1, BOTW was required to list all the Fisher Trust assets as Sharon Bingham's property in its answer. *See, e.g.*, *In re Pettit*, 61 B.R. 341, 346 (W.D. Wash. Bankr. 1986) ("Where a valid spendthrift trust exists, . . . the portion of the trust which has accrued and is *ready for distribution* to the beneficiary is subject to seizure.").[3]

BOTW's answer also appears deficient with respect to information about the so-called Automated Clearing Houses. The parties dispute the exact purpose of the clearing houses, but regardless of their purpose the Court notes that through them Sharon Bingham has authorized the deposit of distributions from the Fisher Trusts directly into the Sharon Graham Bingham 2007 Trust ("SGB Trust"). This raises the question of whether those transfers, if any occurred, are self-settled and whether Defendant has fraudulently transferred assets from one trust to another to avoid creditors. *Compare* Declaration of William R. Squires III Controverting Garnishee Bank of the West's Answer, Exhibit 7, docket no. 5-7, at 2, 4 (ACH forms authorizing deposits from the Fisher Trusts payable to Sharon Graham Bingham in an account ending 6949) with

---

[3] BOTW's citation to *B.F. Goodrich Co. v. Thrash* is misplaced. The beneficiaries in *B.F. Goodrich* had no mechanism to demand distribution of trust assets. 15 Wash.2d 624 (1942). Rather those assets were still subject to trust restrictions and the respondent (Thrash) had no vested interest in the trust assets. *Id.*

Declaration of Elyse Kowalewski, docket no. 31, ¶ 6 (identifying accounts associated with the SGB Trust, including one ending 6949). If any assets have been transferred from the Fisher Trusts to the SGB Trust since the writ was served, BOTW is ordered to identify the dates and amounts of those transfers as property of Sharon Bingham in its amended answer.

Finally, Defendant and BOTW advance several arguments that are inapposite or have already been addressed by the Court. Plaintiff is not bringing a breach of fiduciary duty claim against BOTW, and BOTW's argument that Plaintiff lacks standing to assert such a claim has no merit. BOTW Opp., docket no. 34 at 6. Plaintiff is not challenging the Trustee's discretion. Plaintiff correctly notes that the Trustee has not presented any evidence regarding the exercise of that discretion and that the Trustee has misconstrued the applicable language in the trust documents. To the extent BOTW argues that the Court lacks subject matter jurisdiction over this action, the Court has already rejected that argument. *See* Case No. 18-cv-243, docket no. 126 at 2; *Thomas, Head & Greisen Employees Trust v. Buster*, 95 F.3d 1449, 1455 n.8 (9th Cir. 1996) ("It has long been familiar federal practice to entertain an 'ancillary' claim without independent jurisdictional basis, if that claim seeks either to make a principal judgment effective or to make some lawfully required reallocation of the burden imposed by the principal recovery."). Federal Rule of Civil Procedure 69(a)(1) requires federal courts to follow "the procedure of the state where the court is located" in "proceedings supplementary to and in aid of judgment or execution." Neither does Washington's Trust and Estate Dispute Resolution Act deprive this Court of ancillary jurisdiction. If after BOTW serves

its amended answer there is any remaining dispute about the amount of assets that were held in the Fisher Trusts at the time of the writ, those disputes may be resolved at a later date and are not a reason to deny summary judgment.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Plaintiff's Motion for Clarification/Modification, docket no. 23, is DENIED. The Court has not reviewed the submission, but will retain the materials pending further order of the Court.

(2) BOTW's Motion for Summary Judgment, docket no. 29, is DENIED.

(3) Plaintiff's Motion for Summary Judgment, docket no. 32, is GRANTED. BOTW shall amend its answer to the writ of garnishment within twenty (20) days of this Order and shall include the following: (a) any accounts controlled by or in the possession of the Fisher Trusts for the benefit of Sharon Bingham, including but not limited to accounts ending 01-2 and 01-0, and (b) a list of any other assets that were distributed from the Fisher Trust accounts since the date the writ of garnishment was served. BOTW's amended answer shall also provide additional details regarding the account previously identified by BOTW (holding $331.10) including the last four (4) digits of the account number. Pending further order of the Court, the Fisher Trust assets must be treated as non-exempt pursuant to RCW 6.27.120 and may not be delivered, sold, or transferred until the conclusion of this garnishment proceeding.

(4) Defendant's Motion for Summary Judgment, docket no. 33, is DENIED.

(5) The Court DEFERS the issue of any award of attorneys' fees related to this garnishment proceeding.

IT IS SO ORDERED.

Dated this 21st day of November, 2018.

/s/ Thomas S. Zilly

Thomas S. Zilly
United States District Judge

ORDER - 10