THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LVB-OGDEN MARKETING LLC,<br><br>    Plaintiff,<br><br>v.<br><br>SHARON G. BINGHAM,<br><br>    Defendant.<br><br>BANK OF THE WEST,<br><br>    Garnishee. | Case No. 2:18-cv-00786-RAJ<br><br>GARNISHEE DEFENDANT BANK OF THE WEST'S MOTION FOR RECONSIDERATION<br><br>**NOTED FOR HEARING: DECEMBER 5, 2018** |

## I.    <u>INTRODUCTION AND RELIEF REQUESTED</u>

COMES NOW Garnishee Defendant Bank of the West as Trustee for the Fisher Trusts[1] ("Fisher Trustee") and respectfully requests reconsideration by the Court of the Court's November 21, 2018 Order, Dkt. #40 (the "Order"), under Local Civil Rule 7(h).

Reconsideration is appropriate because manifest error occurred relating to (a) prior evidence related to the Fisher Trustee's exercise of discretion that was before the Court, but overlooked or misapprehended, and (b) procedural irregularities associated with the Fisher

---

[1] The term "Fisher Trusts" refers to the O.D. Fisher Trust and the Nellie Hughes Fisher Trust, which are testamentary trusts created pursuant to the terms of O.D. Fisher's and Nellie Hughes Fisher's Wills. While these are separate trusts, the trusts' language is almost identical and they have the same trustee, referred to in this Motion as the "Fisher Trustee."

GARNISHEE DEFENDANT BANK OF THE WEST'S
MOTION FOR RECONSIDERATION - 1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\103332\240553\DRE\24351170.2

Trustee's *in camera* submission that unfairly prejudices the proceedings. New facts are also available to the Court which with reasonable diligence were not previously submitted to the Court and/or which the Fisher Trustee (and likely the Plaintiff) reasonably believed were already before the Court.

Under the terms of the Fisher Trusts, if at the time of any distribution to a great grandchild (like Sharon Bingham) the Trustee deems:

> "in its uncontrolled discretion that the beneficiary entitled to such distributions is incapable of managing to his or her own best interest and advantage the property to be distributed, then the Trustee shall have the authority to withhold such distribution and to either continue to hold it for such beneficiary or to distribute it to him or her at such later time or times as the Trustee shall deem advisable, whichever the Trustee in its uncontrolled discretion shall deem for the best interests of the beneficiary."[2]

As set out in the *in camera* submission sent to the Court on August 21, 2018, the Fisher Trustee exercised that discretion on October 23, 2017, and determined that Sharon Bingham was incapable of managing the Fisher Trust assets to her own best interest and advantage after the death of Frances Graham.[3] The Fisher Trustee continued to actively manage the Fisher Trusts rather than distributing the entire corpus of the Trusts to Defendant.[4] Evidence of the Trustee's determination and exercise of discretion has been before the Court via the *in camera* submission and is re-submitted with this motion for reconsideration.[5] The Fisher Trustee also previously informed the Court via the memorandum attached to M. John Way's June 14, 2018 Affidavit that "[t]he Trustee has exercised and continues to exercise that discretion."[6]

a.  Circumstances justify reconsideration

This motion presents unique facts that warrant the granting of a generally disfavored

---

[2] Section VI.G(3) of the Last Will and Testament of O.D. Fisher and the Last Will and Testament of Nellie Hughes Fisher.
[3] Ebel and Thibedeau Declaration, Exh. A, BOTW000084 Discretionary Oversight Committee Minutes.
[4] Hobson Declaration at paragraph 5; *See also* Dkt. #11-1, p.12, line 3.
[5] Ebel Declaration, Exh. A.
[6] Dkt. #11-1, p.12, line 3.

GARNISHEE DEFENDANT BANK OF THE WEST'S
MOTION FOR RECONSIDERATION - 2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\103332\240553\DRE\24351170.2

type of motion. It is through this lens, and with the utmost respect for the Court's time, that this Motion is filed. Respectfully, the procedural irregularities associated with the Trustee's *in camera* submission of the factual basis for the Trustee exercising discretion ("Discretion Evidence") justify reconsideration of the Court's November 21, 2018 summary judgment rulings. The procedural irregularities caused a misunderstanding by the parties of the Court's treatment of the Discretion Evidence and led to the Court incorrectly applying law to this case that is inconsistent with the facts. The Fisher Trustee did exercise its discretion and determined Sharon Bingham is incapable of managing to her own best interest and advantage the assets of the Fisher Trusts and that evidence was before the Court. The Fisher Trustee submitted the evidence to the Court for *in camera* review on August 21, 2018 in compliance with the Court's August 14, 2018 Order, Dkt. #22 directing the submission.[7] The Fisher Trustee also informed the Court on June 14, 2018 in the Joint Memorandum attached to M. John Way's Affidavit that "[t]he Trustee has exercised and continues to exercise that uncontrolled discretion."[8]

The Fisher Trustee now understands from the November 21 Order that the Court never considered the *in camera* submission or any statement that the Trustee had exercised its discretion, but the Fisher Trustee did not have this understanding at the time of the Court ordered deadline to file their motions for summary judgment.[9] Notably, from Plaintiff's briefing it appears it too believed the *in camera* submission was evidence before the Court.[10]

The misunderstanding by the parties is important as the Court itself found that "[t]he subject matter of the *in camera* submission – purportedly the basis for the Trustee's decision to exercise its discretion not to make a distribution from the Fisher Trusts to Sharon Bingham – is potentially relevant to this garnishment proceeding."[11] The Court also informed the parties

---

[7] Ebel Decl. Exh. A.
[8] Dkt. #11-1, p.12, lines 3-4.
[9] Ebel Declaration, paragraph 2.
[10] Dkt. #28 (asking for delay in September 6, 2018 Summary Judgment deadline since it did not have access to the "secret evidence" submitted to the Court by the Trustee.)
[11] Dkt. #40, p.4, lines 20-22.The Order also provides that "[t]his Order is made without

GARNISHEE DEFENDANT BANK OF THE WEST'S
MOTION FOR RECONSIDERATION - 3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\103332\240553\DRE\24351170.2

that it deemed the factual grounds relevant and necessary to its consideration of this matter, that it had not reviewed the *in camera* submission (which was specifically offered to provide such information), and that the lack of such evidence was dispositive.

b. LCR 7(h)(2) procedural criteria

Local Civil Rule 7(h)(2) provides that a motion for reconsideration "shall point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the Court's prior ruling."

(1) Matters overlooked or misapprehended by the Court.

Respectfully, the Fisher Trustee believes the following matters were overlooked or misapprehended by the Court and that manifest error occurred. First, the "Discretion Evidence" was before the Court via the *in camera* submission and Exhibit A to M. John Way's Affidavit (Dkt. #11). Second, if the Discretion Evidence is not considered before the Court, procedural irregularities reasonably caused confusion and misunderstanding relating to the evidence such that the evidence should now be considered. Third, the Fisher Trustee believes not considering the Discretion Evidence resulted in the Court incorrectly relying on the ruling set forth in *In re Petit,* 61 B.R. 341, 346 (W.D. Wash. Bankr. 1986) instead of relying on the authority set forth in *B.F. Goodrich*, 15 Wash.2d 624 (1942) and *Knettle v. Knettle,* 164 Wash. 468 (1931). Finally, it appears from the order that the Court misapprehended how ACH transfers work.

(2) New matters being brought to the court's attention for the first time.

The Fisher Trustee presents in support of this motion for reconsideration the following "new" facts which all stem from the procedural imperfection relating to the *in camera*

---

prejudice to the parties negotiating an appropriate protective order or filing materials under seal." Dkt. #40, p.5, lines 2-3.

GARNISHEE DEFENDANT BANK OF THE WEST'S
MOTION FOR RECONSIDERATION - 4

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\103332\240553\DRE\24351170.2

submission: a) the *in camera* submission sent to the Court on August 21, 2018[12], b) declaration testimony of Stefanie Thibedeau explaining the contents of the *in camera* submission, and c) declaration testimony of Michelle Bucklin and Todd Hobson further explaining why and how the Fisher Trustee determined that Defendant is incapable of managing trust assets to her own best interest or advantage.

    (3)  Modifications being sought in the Court's prior ruling.

  The Fisher Trustee requests that after reviewing the *in camera* submission – a redacted version of which is contemporaneously being filed and served on all parties – and the arguments and evidence submitted with this motion for reconsideration, that the Court modify the Order so that the Fisher Trustee's Motion for Summary Judgment is granted and so that the Plaintiff's Motion for Summary Judgment is denied. Plaintiff's Motion for Clarification and/or Modification can also likely be stricken.

## II.  EVIDENCE RELIED UPON

1. The Court files and records;

2. The Declaration of Stefanie Thibedeau and exhibits attached thereto, including a redacted copy of the *in camera* submission sent to the Court on August 21, 2018;

3. The Declaration of David Ebel and exhibits attached thereto;

4. The Declaration of Michelle Bucklin and exhibits attached thereto; and

5. The Declaration of Todd Hobson and exhibits attached thereto.

## III.  PROCEDURAL HISTORY RELATING TO *IN CAMERA* DOCUMENTS

  On June 14, 2018, the Fisher Trustee filed the Affidavit of M. John Way in response to Plaintiff's Controversion of BOTW's Answer to Writ of Garnishment.[13] Attached as an

---

[12] Ebel Declaration, Exhibit A, is a <u>redacted</u> version of the August 21, 2018 *in camera* submission. After receiving the Court's November 21, 2018 Order the Fisher Trustee's counsel sought permission from Defendant's counsel to file a redacted version of the *in camera* submission. The Defendant's counsel approved of the filing on December 3, 2018. Ebel Declaration, paragraph 3.

[13] *See* Dkt. #11

GARNISHEE DEFENDANT BANK OF THE WEST'S MOTION FOR RECONSIDERATION - 5

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\103332\240553\DRE\24351170.2

Exhibit to Mr. Way's Affidavit was the Joint Memorandum in Support of Affidavit of Garnishee Bank of the West and Trustee of the Fisher Trusts in Response to Plaintiff's Declaration Controverting Garnishee's Answer to Writ of Garnishment (the "Joint Memorandum").[14] In the Joint Memorandum, the Fisher Trustee argued that because the Fisher Trusts are discretionary and actively managed they are not subject to garnishment by a beneficiary's creditors under the *Knettle* and *B.F. Goodrich* cases.[15] BOTW and the Fisher Trustee expressly provided at page 12 of the exhibit to Mr. Way's Affidavit that "[t]he Trustee has exercised and continues to exercise that discretion."[16] The Fisher Trustee also offered in a footnote to the statement that "[i]f the Court requires further information regarding the Trustee's basis for exercising its uncontrolled discretion, the Trustee will provide information for review *in camera* at the Court's request." [17] The Fisher Trustee offered the documents for *in camera* review because the documents contained information relating to Mrs. Bingham personally.[18]

On August 14, 2018, the Court entered a Minute Order (Dkt. #22). The Minute Order directed the Fisher Trustee to submit for *in camera* review by Judge Zilly the Fisher Trustee's file referenced in footnote 3, above. The Minute Order gave specific instruction for how the submission was to be made and that it had to be done within seven days. The Minute Order also ordered the parties to file motions for summary judgment no later than September 6, 2018.

On August 17, 2018, Plaintiff filed an *ex parte* Motion for Clarification and/or Modification of the August 14, 2018 Minute Order and asked that the Fisher Trustee be required to disclose the contents of the *in camera* submission to Plaintiff. (Dkt. #23). Counsel for the Fisher Trustee had previously rejected a request by Plaintiff's counsel for a copy of the internal trustee file because it considered the information contained therein as confidential as

---

[14] Dkt. #11-1
[15] Dkt. #11-1.
[16] Dkt. #11-1, p. 12, line 3.
[17] *Id.*, footnote 3.
[18] Ebel Declaration, paragraph 4.

GARNISHEE DEFENDANT BANK OF THE WEST'S
MOTION FOR RECONSIDERATION - 6

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\103332\240553\DRE\24351170.2

to Mrs. Bingham. Consistent with its position to the Court, the Trustee also considered the information sought as outside the scope of the garnishment proceedings.[19]

On August 21, 2018, via messenger pick-up at 9:36 a.m., the Fisher Trustee submitted the Trustee file to the Court for *in camera* review in compliance with the procedure set forth in the Court's August 14, 2018 Minute Order.[20]

Also on August 21, 2018, the Court entered another Minute Order, Dkt. #24. That Minute Order re-noted Plaintiff's Motion for Clarification and/or Modification (Dkt. #23) relating to Plaintiff's access to the *in camera* documents for August 31, 2018 and invited response briefs by August 29, and a reply by August 31. That Minute Order also stayed the prior Minute Order directing the Fisher Trustee to produce information for *in camera* review.[21] It should be noted that the 9:36 a.m. messenger pick-up and the Court's August 21 Minute Order were virtually simultaneous. The new Order did not direct the Trustee to not submit the materials and it did not provide that the Court would not consider the materials.

On August 29, 2018, the Fisher Trustee opposed Plaintiff's Motion for Clarification and/or Modification (Dkt. #26).[22]

On August 29, 2018, Defendant Bingham also filed a response arguing that information relating to her financial history and capabilities, which she presumed was in the *in camera* submission, is irrelevant to the garnishment proceedings because the issue was whether the Trustee had discretion to withhold distributions, not why it exercised its discretion.[23] Mrs.

---

[19] *Id.*
[20] *Id.* at ¶5. A redacted version of that *in camera* submission is attached to the Declaration of David Ebel as Exhibit A.
[21] As noted, the *in camera* submission had been made. As mentioned in other briefing, both counsel for the Fisher Trustee were out of town on August 21 and had provided instructions to have the *in camera* submission sent to the Court in compliance with the August 14 Order. The submission occurred. In hindsight, perhaps the Fisher Trustee should have interpreted the Court's August 21 Order staying the prior order differently, but at the time and until receiving the Court's November 21, 2018 Order the Fisher Trustee did not know or understand that the Court would not consider the evidence the Fisher Trustee submitted to the Court on August 21.
[22] Dkt. #26.
[23] Dkt. #27.

GARNISHEE DEFENDANT BANK OF THE WEST'S MOTION FOR RECONSIDERATION - 7

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\103332\240553\DRE\24351170.2

Bingham in that responsive brief also objected to the Fisher Trustee disclosing personal and confidential information about her which might be contained in the *in camera* submission.[24]

On August 31, 2018, Plaintiff filed a Response in support of its Motion for Clarification and/or Modification (Dkt. #28) and also asked that the Court vacate the September 6, 2018 deadline for motions for summary judgment if the *in camera* submission materials are not provided to Plaintiff beforehand.[25] Consistent with the Fisher Trustee's apparent misunderstanding of the status of the *in camera* submission, it appears from Plaintiff's briefing that even the Plaintiff believed the *in camera* submission was already evidence before the Court. *See* Dkt. #28 at p. 3, lines 5-8 ("If there is any further delay in providing the material to Plaintiff, Plaintiff respectfully requests that the Court vacate the current September 6, 2018 deadline for motions for summary judgment. Dkt. #24. **Plaintiff cannot reasonably be expected to engage in motion practice based on secret evidence it has not been provided**.").

The parties did not receive any further instructions from the Court regarding the *in camera* submission and filed their respective Motions for Summary Judgment on September 6, 2018. The first notice the Fisher Trustee had that the Court a) would not and had not reviewed the *in camera* submission, and b) deemed the *in camera* submitted materials relevant, occurred on November 21, 2018 when the Court entered the Order from which the Fisher Trustee now seeks reconsideration.

The procedural irregularities associated with the *in camera* documents created a situation which reasonably caused the Fisher Trustee and the Plaintiff to believe the evidence was before the Court and which resulted in undue prejudice to the Garnishee Defendant. It also led to available evidence not being considered by the Court.

---

[24] Mrs. Bingham through her counsel after an attorney eyes only review, upon request by the Fisher Trustee made after receipt of the Court's November 21, 2018 Order, authorized the Fisher Trustee on December 3, 2018 to file a redacted version of the *in camera* submission with this motion for reconsideration. Ebel Decl. at ¶3.
[25] *See* Dkt. #28, page 3, lines 5-8.

GARNISHEE DEFENDANT BANK OF THE WEST'S MOTION FOR RECONSIDERATION - 8

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\103332\240553\DRE\24351170.2

## IV. ARGUMENT AND AUTHORITY

### A. LR 7(h) standards

Local Civil Rule 7(h)(1) provides that motions for reconsideration require "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to the [the Court's] attention earlier with reasonable diligence."[26]

The term "manifest error" has received multiple interpretations from Courts in the Ninth Circuit. Courts generally do not expressly interpret "manifest error." However, in *Kowalsksi v. Anova Food, LLC*, quoting *Reliance Ins. Co. v. Doctors Co.*, 299 F.Supp.2d 1131, 1154 (D.Haw.2003), the court interpreting the phrase provided that a party "alleging a manifest error of law … must show that the Court 'committed clear error or that the initial decision was manifestly unjust.'"[27]

With regard to reasonable diligence, an often cited Ninth Circuit case may illuminate when reasonable diligence has been observed in presenting facts to the court. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880, 91 U.S.P.Q.2d 1245 (9th Cir. 2009). In *Marlyn*, Plaintiff moved for reconsideration on a motion for preliminary injunction three days following the court's order, and seven days following the hearing, relying on three new pieces of evidence as the basis. *Id.* at 876, 880. With regard to each new piece, the court held that the Plaintiff had a prior opportunity to introduce the evidence. *Id.* at 880. The first piece, a draft distribution contract between the parties, is particularly instructive. *Id.* Plaintiff discovered the agreement for the first time before the hearing on the preliminary injunction; the court refused to admit it during the hearing. *Id.* However, the Ninth Circuit held that "it did not prohibit or even discourage *Marlyn* from submitting" it "before the court made its decision." *Id.* Because the Plaintiff did nothing to submit the information to the court, the motion to reconsider was denied. Similar grounds justified denial of reconsideration based on

---

[26] LCR 7(h)(1)
[27] *Kowalski v. Anova Food, LLC*, 958 F.Supp.2d 1147, 1154 (D. Haw. 2013), quoting *Reliance Ins. Co. v. Doctors Co.,* 299 F.Supp.2d 1131, 1154 (D. Haw. 2003).

GARNISHEE DEFENDANT BANK OF THE WEST'S
MOTION FOR RECONSIDERATION - 9

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\103332\240553\DRE\24351170.2

an additional declaration drafted two days prior to the court's decision. *Id.* at 881. The corresponding inference is that the failure to submit such evidence, absent any express discouragement from the court, was not reasonable diligence. *See also Doe v. Trump*, 284 F.Supp.3d 1182, 1184 (holding that an additional declaration not submitted until reconsideration but dated more than five months prior to the issuance of a preliminary injunction did not constitute "new facts" that could not have been submitted previously by reasonable diligence). In a case like ours, where the moving party *did* submit evidence to the Court through the *in camera* review process in strict compliance with the Court's Order, it should be found that the Fisher Trustee at least exercised reasonable diligence to get the information before the Court, but was apparently unsuccessful due to procedural irregularities, and that the evidence should now be accepted.

> **B.** **Manifest error in the prior ruling occurred because a) the Court overlooked or misapprehended prior evidence, and b) procedural irregularities unduly influenced the proceedings to the Trusts' prejudice.**
>
> 1. Discretion Evidence was before the Court and B.F. Goodrich should have been applied to find the Fisher Trusts were actively managed and not subject to garnishment by Defendant's creditors.

The Order provides there is a lack of evidence to indicate that the Trustee made the determination that the beneficiary is incapable of managing her assets to her own best interest and advantage or that the Trustee exercised its uncontrolled discretion (i.e., "Discretion Evidence").[28] This finding is in error. The Discretion Evidence was before the Court via the *in camera* submission requested by the Court.[29] The fact that the Fisher Trustee exercised its uncontrolled discretion, which impliedly is based on the standard set forth in the trust documents, was also before the Court via the memorandum attached to the Affidavit of M. John Way filed on June 14, 2018.[30]

---

[28] Dkt. #40, p.6, lines 13-17.
[29] Ebel Declaration, Exh. A.
[30] Dkt. #11-1, p.12, line 3.

GARNISHEE DEFENDANT BANK OF THE WEST'S
MOTION FOR RECONSIDERATION - 10

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\103332\240553\DRE\24351170.2

The failure to consider the Discretion Evidence is critical to the rulings on the summary judgment motion. Despite the Fisher Trustee's analysis of the cases interpreting RCW 6.32.250 as it relates to trust accounts - namely *Knettle v. Knettle*, *Cowles v. Matthews*, and *B.F. Goodrich Co. v. Thrash* which all find that trust property held under <u>active management</u> of a trustee is excluded from garnishment – the Court disregarded those cases because it does not consider the Fisher Trusts as actively managed and discretionary trusts because it has not reviewed the Discretion Evidence.[31] However, the Discretion Evidence exists and shows the Fisher Trustee exercised its discretion to determine Sharon Bingham is incapable of managing to her own best interest and advantage the property that would otherwise be distributed, the assets of the Fisher Trusts, and that the Fisher Trusts are indeed actively managed trusts. This should be dispositive to the Court's ruling on all three summary judgment motions. It was an error to not consider the Discretion Evidence or at least to not inform the parties prior to the Court's summary judgment deadline that it would not consider the *in camera* submission unless the evidence is exchanged.

> 2. <u>To the extent the Court finds the Discretion Evidence was not before the Court, it should reconsider the rulings set forth in the Order because procedural irregularities associated with the *in camera* submission unduly influenced the proceedings.</u>

The procedural irregularities associated with the *in camera* submission, as described above, caused confusion amongst the parties as to the relevance and status of the Discretion Evidence. This confusion turned dispositive when the Court ruled in the Order that it had not and would not review the Discretion Evidence and that the absence of such evidence results in summary judgment rulings adverse to the Fisher Trusts. Respectfully, this outcome is manifestly unjust. The Discretion Evidence should have been considered, or the parties should have been made aware that the evidence would not be considered in time to brief the summary

---

[31] *Knettle*, 164 Wash. 468, 3 P.3d 133 (Wash. 1931); *Cowles*, 86 P.2d 273 (Wash. 1939); *B.F. Goodrich*, 15 Wash.2d 624, 626-27 (1942) (**"[w]e have twice directly held that the corpus of the estate of an active, complicated trust cannot be subjected to claims of creditors of a beneficiary."**).

GARNISHEE DEFENDANT BANK OF THE WEST'S MOTION FOR RECONSIDERATION - 11

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\103332\240553\DRE\24351170.2

judgment motions accordingly. The timing of the Court's ruling on the *in camera* submission unduly prejudiced the summary judgment motions. Even Plaintiff argued in its August 31 brief (Dkt. #28) that the September 6 deadline to file the motions for summary judgment should have been vacated until the *in camera* discretionary issue was resolved. The net result of what actually happened is that the Fisher Trustee received notice that the *in camera* submission it sent to the Court had not been reviewed by the Court, and would not be reviewed, on the same day it was informed via the Order that the Court considered the evidence material and dispositive.

> 3. The Court found that through the Automated Clearing House the Defendant authorized distributions from the Fisher Trusts directly into the 2007 SGB Trust.

The Court's Order addressed Sharon Bingham's authorization of transfers from the Fisher Trusts to the 2007 SGB Trust via the Automated Clearing House (ACH). Bank of the West offers wire transfer of distributions via ACH as a courtesy to the beneficiaries of the trusts it oversees. Beneficiaries, including Mrs. Bingham, may complete an ACH form that will allow the Bank to transfer funds through the ACH system rather than sending checks to the beneficiary. Bank of the West does not generally investigate the recipient of the transfer. Completion of the ACH form did not allow Mrs. Bingham to withdraw money from the Fisher Trusts through ACH, but only allowed the Bank to choose to send money from the Trusts through the ACH system when it exercised its discretion to distribute funds. As the Fisher Trustee has exercised its discretion and withheld distribution of assets, it now not only controls if it will make distributions to or for the benefit of Sharon Bingham, but also in what manner.[32]

**C. New facts are before the Court which a) the Fisher Trustee reasonably believed were already before the Court via the *in camera* submission, and b) explain the *in camera* documents since those documents are now of full record.**

The Court's Order finds that "the subject matter of the *in camera* submission –

---

[32] Thibedeau Declaration at paragraph 12.

GARNISHEE DEFENDANT BANK OF THE WEST'S
MOTION FOR RECONSIDERATION - 12

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\103332\240553\DRE\24351170.2

purportedly the basis for the Trustee's decision to exercise its discretion not to make a distribution from the Fisher Trusts to Sharon Bingham – is potentially relevant to this garnishment proceeding. Any such evidence, should any party wish to rely on it, must be provided to all parties and will not be reviewed in camera." *See* Order at p.4-5. The Court's Order clarifies that the Court has not reviewed the *in camera* submission that was filed in August, but that the Court considers the *in camera* submission potentially relevant to the garnishment proceedings.[33] Based on the procedural history of this matter, and the *in camera* submission in particular, the Fisher Trustee believes it previously exercised reasonable diligence to get the *in camera* submission before the Court by following the Court's August 14, 2018 Order. Plaintiff also apparently believed the *in camera* submission was before the Court as secret evidence so the Trustee's understanding was not unreasonable.[34] The Fisher Trustee respectfully argues that it exercised reasonable diligence to get the evidence before the Court previously, that it just learned the Court had not and would not review the information, and that it is reasonable now for the Court to consider the *in camera* submission upon reconsideration.

1. The "new" facts and evidence

The new facts before the Court on this motion for reconsideration are two-fold. First, they are facts contained in the *in camera* submission that was previously made to the Court on August 21, 2018 pursuant to the Court's August 14, 2018 Minute Order. Thibedeau and Ebel Declarations, Exhibit A. Second, the Fisher Trustee submits additional facts which relate to and explain the *in camera* submission and the Trustee's determination now that the *in camera* submission is of full record. *See* Bucklin, Hobson and Thibedeau Declarations.

---

[33] The Fisher Trustee and Defendant have both previously taken the position that it is the fact that the Trustee had exercised discretion, and not what it based its exercise on or how it exercised its discretion, which is relevant to the issue of whether Defendant can "compel distribution" of trust assets so that the trust assets are deemed to "belong to" her for purposes of garnishment.
[34] Dkt. #28, p.3, lines 5-8.

GARNISHEE DEFENDANT BANK OF THE WEST'S MOTION FOR RECONSIDERATION - 13

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\103332\240553\DRE\24351170.2

a. *In camera* submission

A redacted version of the *in camera* submission is attached as Exhibit A to the Ebel and Thibedeau declarations. It contains pages bates labeled BOTW00001 through BOTW00086. As explained in the Thibedeau Declaration, the *in camera* submission contains the Trustee file relating to the Fisher Trustee's determination Sharon Bingham was incapable of managing her assets to her own best interest and advantage and exercise of discretion to withhold distribution of the Fisher Trusts' assets after Frances Graham passed away in May, 2017.

First, the submission contains the Last Will and Testament of O.D. Fisher and the Last Will and Testament of Nellie Hughes Fisher.[35] These documents create the O.D. Fisher and Nellie Fisher Trusts, which have almost identical language.

Second, the submission contains a letter dated February 2, 2016, written by Alison and Dale Foreman, attorneys for Frances Graham, detailing the extent of the Fisher Trustee's discretion to withhold distributions from Mrs. Bingham upon Frances Graham's death.[36] The letter cites numerous supporting sources, including other legal experts who had analyzed the Fisher Trusts, in reaching the conclusion the Fisher Trustee has very broad latitude in its discretion for determining that Sharon Bingham is incapable of managing the assets of the Fisher Trusts to her own best interest and advantage and therefore withholding distribution of the Fisher Trusts.

Third, the file contains emails between Bank of the West personnel (including Todd Hobson and Michele Bucklin) and Cicilia Elali in June 2017 relating information about Mrs. Bingham, including her educational, financial, and work history.[37] Ms. Elali was Mrs.

---

[35] BOTW000003-BOTW000039
[36] BOTW000040-BOTW000044; it has come to the undersigned's attention that this letter is already before the Court in the other "related" case and that it has not been redacted from the *in camera* submission for this reason. There is no intent by BOTW or the Fisher Trustee to waive any attorney-client privilege, to the extent the letter is considered privileged by any other party.
[37] BOTW000045-BOTW000050.

GARNISHEE DEFENDANT BANK OF THE WEST'S
MOTION FOR RECONSIDERATION - 14

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\103332\240553\DRE\24351170.2

Bingham's Attorney-in-Fact and handled almost all financial matters for Mrs. Bingham.[38]

Fourth, out of order is a document summarizing the terms of the Nellie Fisher Trust and responding to a request by Cicilia Elali and Mrs. Bingham for a discretionary distribution from the Trust to pay certain bills.[39] This document was included with the formal distribution request documentation that was presented to the Bank's Trust Committee. Note the document includes a recommendation clearly reflecting the Trustee's intention to withhold further distributions and manage Trust assets for the long term.

Fifth is the request for a discretionary distribution referred to in the prior document.[40]

Sixth are various financial statements and documents for Sharon Bingham that were reviewed by the Trustee when determining whether to make the requested distribution and reviewed in relation to the determination Sharon Bingham was incapable of managing to her own best interest and advantage the Fisher Trust assets.[41] These documents include copies of mortgage and property tax statements, bank transactions, and Sharon and David Bingham's 2016 Form 1040 federal income tax return.

Seventh is an article on how the Binghams lost most of their family fortune.[42]

Eighth is a copy of Frances Graham's death certificate.[43]

Ninth is documentation from the Trustee's Discretionary Oversight Committee's meeting on October 23, 2017 at which time it formally determined Sharon Bingham was incapable of managing to her own best interest and advantage the Fisher Trusts' assets, exercised its discretion to retain the assets in the Fisher Trusts and approved a one-time discretionary distribution from the Fisher Trusts.[44]

---

[38] Thibedeau Declaration at paragraph 6.
[39] BOTW000051
[40] BOTW000052 – BOTW000053
[41] BOTW000054 – BOTW000074
[42] BOTW000075 – BOTW000079
[43] BOTW000080
[44] BOTW000081 – BOTW000086

GARNISHEE DEFENDANT BANK OF THE WEST'S MOTION FOR RECONSIDERATION - 15

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\103332\240553\DRE\24351170.2

b. Supplemental Declaration of Stefanie Thibedeau

Ms. Thibedeau's Declaration provides context regarding the documents provided in the *in camera* submission as well as the process Bank of the West used in exercising its discretion to determine Sharon Bingham incapable of managing to her own best interest and advantage the Fisher Trust assets and therefore withholding distribution of such assets from her. As the Fiduciary Officer currently assigned to the Fisher Trusts, Ms. Thibedeau also addresses the Bank's customary use of the ACH system.

c. Declarations of Todd Hobson and Michelle Bucklin

Mr. Hobson's and Ms. Bucklin's Declarations provide context regarding the transfer of the Fisher Trusts to Bank of the West and the basis for determining Sharon Bingham incapable of managing to her own best interest and advantage the Fisher Trust assets.

## VI. **CONCLUSION**

The Fisher Trustee respectfully requests that the Court reconsider the summary judgment rulings in its November 21, 2018 Order. Key evidence was overlooked inadvertently or as a result of procedural irregularities. The Court also may have misapprehended how automated clearing houses work. Finally, if the *in camera* submission is not deemed to be before the Court, then it should be considered new facts which with reasonable diligence were previously attempted to be – but unsuccessfully - presented to the Court. Evidence adding context to the *in camera* submission should also be considered now that the Trustee has authority to disclose the Discretion Evidence to all parties.

/ / /

/ / /

/ / /

/ / /

/ / /

GARNISHEE DEFENDANT BANK OF THE WEST'S MOTION FOR RECONSIDERATION - 16

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\103332\240553\DRE\24351170.2

Dated this 5th day of December, 2018.

                                    SCHWABE, WILLIAMSON & WYATT, P.C.

By: /s/ David R. Ebel
David R. Ebel, WSBA #28853
Email: debel@schwabe.com

By: /s/ M. John Way
M. John Way, WSBA #37052
Email: jway@schwabe.com
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
*Attorneys for Bank of the West as Trustee for O.D. Fisher Trust and Nellie Hughes Fisher Trust*

GARNISHEE DEFENDANT BANK OF THE WEST'S MOTION FOR RECONSIDERATION - 17

PDX\103332\240553\DRE\24351170.2

**CERTIFICATE OF SERVICE**

The undersigned declares under penalty of perjury, under the laws of the State of Washington, that the following is true and correct:

That on the 5th day of November, 2018, I electronically filed the foregoing **GARNISHEE DEFENDANT BANK OF THE WEST'S MOTION FOR RECONSIDERATION** with the Clerk of the Court using the CM/ECF system.

| | |
|---|---|
| William R. Squires III<br>Email: rsquires@corrcronin.com<br>Corr Cronin LLP<br>1001 Fourth Avenue, Suite 3900<br>Seattle, WA 98154<br>Tel: 206.625.8600<br>Fax: 206.625.0900<br>***Attorney for Plaintiff LVB-Ogden Marketing LLC*** | Nathan J. Arnold<br>Email: nathan@jjalaw.com<br>Johnston Jacobowitz & Arnold, PC<br>2701 First Avenue, Suite 200<br>Seattle, WA 98121<br>Tel: 206.866.3230<br>Fax: 206.866.3234<br>***Attorney for Defendant Sharon Bingham*** |

/s/ David R. Ebel
David R. Ebel, WSBA #28853

CERTIFICATE OF SERVICE - 1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
U.S. Bank Centre
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone 206-622-1711

PDX\103332\240553\DRE\24351170.2