Honorable Thomas S. Zilly

Emanuel Jacobowitz, WSBA No. 39991
Nathan J. Arnold, WSBA No. 45356
R. Bruce Johnston, WSBA No. 4646
Johnston Jacobowitz & Arnold, PC
2701 First Ave, Suite 200
Seattle, WA 98121
Manny@JJALaw.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LVB-OGDEN MARKETING, LLC,<br><br>                Plaintiff,<br><br>   v.<br><br>SHARON G. BINGHAM,<br><br>                Defendant,<br><br>BANK OF THE WEST,<br><br>                Garnishee. | Case No. 2:18-cv-00786 TSZ<br><br>**DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER (DKT. NO. 40)**<br><br>**NOTED FOR HEARING: DECEMBER 5, 2018**<br><br>ORAL ARGUMENT REQUESTED |

## I.    INTRODUCTION AND RELIEF REQUESTED.

Sharon G. Bingham, Defendant and Judgment Debtor in the underlying action, respectfully moves the court to reconsider its order (Dkt. no. 40) denying her motion for summary judgment (Dkt. No. 33) and granting the motion for summary judgment (Dkt. No. 32) of Plaintiff ("LVB"), because new evidence now made available for the first time by Bank of the West ("BOTW") shows that it properly exercised its discretion as trustee of the 'Fisher Trusts' to maintain in trust the assets at issue.

DEFENDANT'S MOTION FOR
RECONSIDERATION OF ORDER (ECF NO. 40) - 1

JOHNSTON JACOBOWITZ & ARNOLD, PC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WASHINGTON 98121-1126
(206) 866-3230  Fax (206) 866-3234

## II. STATEMENT OF FACTS

The Court is familiar with the underlying facts, which are summarized in its Order, Dkt. No. 40 at 1–2. Additional facts particularly relevant to this motion follow.

When the parties' cross-motions for summary judgment were briefed, Mrs. Bingham had not received the documents submitted by the Garnishee Defendant BOTW *ex parte* and *in camera*. Declaration of Emanuel Jacobowitz, filed herewith ("Jacobowitz Dec.") ¶ 2. As she told the Court in opposition to LVB's motion, she "ha[d] not been informed, why the Fisher Trustee made that decision [to withhold distribution of trust funds]." (Dkt. No. 36 at 3:13–14). Nor had BOTW asked her whether it should disclose the information. Jacobowitz Dec. ¶ 3. Quite the contrary. When BOTW opposed LVB's motion to view the documents, she assumed that BOTW's concerns were well-founded. Jacobowitz Dec. ¶ 4. Nevertheless, her counsel wanted to present any potentially relevant facts to the Court on summary judgment; so he asked trustee's counsel Mr. Ebel to share with him and/or the Court the reasons for BOTW's exercise of discretion to the extent possible. *Id.* ¶ 5. Mr. Ebel took the position, however, that BOTW's inner workings were confidential and that there was no need to disclose further information without a court order about the in camera submission. *Id.* ¶ 6.

After the Court's Order was entered, counsel again contacted Mr. Ebel, who eventually shared relevant records. *Id.* ¶ 7 & Exh. A. These show that after Mrs. Bingham's mother and predecessor beneficiary, Frances Graham, died in May 2017, BOTW reviewed documents including:

- The wills which created the Fisher Trusts;
- The February 2, 2016 opinion letter prepared for Mrs. Graham by attorney Dale Foreman, which Mrs. Bingham previously shared with the Court (Dkt. No. 33-1);
- Email describing Mrs. Bingham's financial circumstances and drop in income, stating

DEFENDANT'S MOTION FOR
RECONSIDERATION OF ORDER (ECF NO. 40) - 2

JOHNSTON JACOBOWITZ & ARNOLD, PC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WASHINGTON 98121-1126
(206) 866-3230  Fax (206) 866-3234

- that if the trust res was distributed to her, she would not do anything with it because "the creditors would take it all," and stating her "financial expertise" as "none.";

- Bank statements and a tax return of Mrs. Bingham's; and

- A newspaper article describing how the Binghams had been ruined by their unwarranted trust in financial fraudster Thomas R. Hazelrigg III.

*Id.* BOTW reviewed these records and considered whether to distribute the trust corpus. *Id.* at BOTW 000084. Its minutes describe Mrs. Bingham's falling prey to "fraud," her "battle with creditors," her personal loss of "6 million," and that "her expenses exceed her income by more than $400,000." *Id.* The legal-opinion letter, referenced above, is relied upon. *Id.* "For these reasons," the Committee minutes conclude, "I believe that should the funds be distributed to her, she will be incapable of distributing the funds to her own best interest and the funds should stay in trust." *Id.*

These records are consistent with what Mr. Dean heard when the Fisher Trust followed bank officer Michele Bucklin to BOTW in 2016. Declaration of Henry W. Dean, filed herewith ("Dean Dec.") ¶¶ 18–19. When she had been with Baker Boyer Bank, a judgment creditor's lawyer asked Mr. Dean whether the trust corpus would become available upon Mrs. Graham's death. *Id.* ¶ 17. Ms. Bucklin advised Mr. Dean that Baker Boyer had concluded that, unless circumstances vastly changed, it would exercise its discretion as trustee under the will provisions at issue in this case, and not distribute to Mrs. Bingham upon Mrs. Graham's death. *Id.* In 2016, still prior to Mrs. Graham's death, Ms. Bucklin and/or Mr. Hobson told Mr. Dean that BOTW had reached the same preliminary determination.

Similarly, several years earlier, a prior trustee, US Trust, when asked to disburse funds for a settlement for Mrs. Graham, and incidentally for Mrs. Bingham, had refused on the grounds, among others, that "as far as we know the O.D. and Nellie Fisher Trusts are all Mrs. Graham has left precisely

DEFENDANT'S MOTION FOR
RECONSIDERATION OF ORDER (ECF NO. 40) - 3

JOHNSTON JACOBOWITZ & ARNOLD, PC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WASHINGTON 98121-1126
(206) 866-3230  Fax (206) 866-3234

because of the way her family has mismanaged its finances." Dean Dec. ¶ 12. US Trust later confirmed to Mr. Dean that in its informed opinion, Mrs. Bingham could not well manage her financial affairs, so that unless circumstances substantially changed, US Trust did not intend to distribute the trust corpus to Sharon Graham Bingham upon her mother's death. *Id.*

In short, every responsible lawyer and trustee who considered the question independently concluded that Mrs. Bingham could not well manage millions of dollars and that distribution to her upon Mrs. Graham's death would not be appropriate under the Fisher wills. Mr. Dean was not at all surprised, after Mrs. Graham's death, to hear that BOTW had acted consistently with that decision. Dean Dec. ¶ 19. BOTW has now confirmed that this is what happened.

### III. AUTHORITY

Motions for reconsideration are disfavored. LCR 7(h)(1). Among the few reasons one may be granted, though, is "a showing of new facts…which could not have been brought to its attention earlier with reasonable diligence." *Id.*; *and see*, *e.g.*, *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) ("Reconsideration is indicated in the face of the existence of new evidence, an intervening change in the law, or as necessary to prevent manifest injustice.") With regard to Mrs. Bingham's motion for summary judgment and her opposition to Plaintiff LVB's motion for summary judgment, that ground applies.[1]

Mrs. Bingham relies on provisions which the Court described in its Order (Dkt. No. 40 at 2):

> The trustee of the Fisher Trusts, currently BOTW, is only authorized to

---

[1] Mrs. Bingham states no opinion on the merits of the motion for reconsideration just filed by Bank of the West, Dkt. No. 42, to which she did not contribute, regarding its separate motion for summary judgment and its separate opposition to LVB's motion for summary judgment.

DEFENDANT'S MOTION FOR
RECONSIDERATION OF ORDER (ECF NO. 40) - 4

JOHNSTON JACOBOWITZ & ARNOLD, PC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WASHINGTON 98121-1126
(206) 866-3230  Fax (206) 866-3234

> withhold disbursements if, based on the trustee's uncontrolled discretion, the beneficiary is "incapable of managing to his or her own best interest and advantage the property to be distributed. . . ."

The Court clearly stated its ground for denying Mrs. Bingham's motion and granting LVB's motion:

> the Declaration of Stefanie Thibedeau…. attests that "[t]he Trustee has complete authority over the management of the Trusts' corpus, including uncontrolled discretion and an affirmative duty to distribute or withhold funds to the Trusts' beneficiaries as it sees fit." …. That is not accurate. The trust documents grant the trustee uncontrolled discretion <u>only</u> in the context of making a determination that the beneficiary is incapable of managing her assets to her own best interest and advantage. **There is no evidence before the Court indicating that the Trustee has made such a determination or the grounds for such a determination.** That BOTW believes the Trustee has uncontrolled discretion to withhold distributions for any reason does not raise a dispute of material fact sufficient to withstand summary judgment. The Fisher Trust documents control. Because the **only** evidence in the record demonstrates that Sharon Bingham is over the age of 45, is the sole heir of the settlors, and is therefore "entitled to have distributed . . . the entire then remaining share" of the Fisher Trust assets, docket no. 5-1, BOTW was required to list all the Fisher Trust assets as Sharon Bingham's property in its answer.

Dkt. No. 40 at 6:6 – 7:6 (underlining in original, bolding added).

A court shall grant summary judgment where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court "must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inference in the nonmoving party's favor." *Rookaird v. BNSF Ry. Co.*, 908 F.3d 451, 459 (9th Cir. 2018). Respectfully, Mrs. Bingham disagrees with the Court's conclusion that Ms. Thibedeau's Declaration failed to even raise an inference to prevent summary judgment. But it is clear that the missing piece of the puzzle, which would have prevented summary judgment, was "evidence indicating that the Trustee has made such a determination [and] the grounds for such a determination." Dkt. No. 40 at 6:15–17. That

DEFENDANT'S MOTION FOR
RECONSIDERATION OF ORDER (ECF NO. 40) - 5

JOHNSTON JACOBOWITZ & ARNOLD, PC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WASHINGTON 98121-1126
(206) 866-3230  Fax (206) 866-3234

evidence was solely in the hands of BOTW.  Mrs. Bingham did not have that evidence.  Jacobowitz Dec. ¶¶ 2–3; Dean Dec. ¶ 20.  Putting speculation before the Court would have been inappropriate; Mrs. Bingham stuck to what she could show, presenting the Court with the legal opinion letter which had been shared with BOTW.  Dkt. No. 33-1.  She also tried, through counsel, to get the evidence from BOTW, but was rebuffed.  Jacobowitz Dec. ¶¶ 5–6.  The garnishment statute does not provide for discovery between a judgment debtor and the garnishee defendant,[2] and as a beneficiary, Mrs. Bingham could not demand a declaration from her trustee, so she had no further recourse. Now, though, the precise evidence, the absence of which the Court found dispositive, is before the Court.

The only remaining question, then, is the one presented in Mrs. Bingham's underlying motion and opposition brief: whether BOTW manifestly abused its discretion when it refused to distribute.  LVB argued on summary judgment that a trustee cannot, as a matter of law—regardless of the terms of the trust—withhold distributions merely to keep trust funds out of the hands of creditors.  LVB is wrong, for the reasons stated in Mrs. Binghams' prior briefs (Dkt. Nos. 33, 36, 39).  LVB cited no precedent on point, only for the position that when a trust has terminated, the trustee cannot refuse to distribute.  Because BOTW was expressly given and did exercise discretion to maintain the trusts when it determined in good faith that the beneficiary could not manage the assets to her best advantage or interest, this trust has not terminated.

Equally important, the new evidence shows that BOTW was not merely trying to keep the assets out of the hands of creditors (although that would have been reason enough); it had other good grounds for its determination. As discussed *supra*, BOTW relied on a legal opinion, and considered the facts that

---

[2] Mrs. Bingham could not even open up another satellite action to demand disbursement, and demand discovery thereunder, because she agreed with BOTW, so such an action would have been frivolous.

DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER (ECF NO. 40) - 6

JOHNSTON JACOBOWITZ & ARNOLD, PC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WASHINGTON 98121-1126
(206) 866-3230  Fax (206) 866-3234

Mrs. Bingham and her husband had lost more than a hundred million dollars in bad investments by trusting the wrong people, that she had personally lost $6 million, and that "her expenses exceed her income by more than $400,000." That is practically the picture of a spendthrift who needs a trustee. And while law is not up to majority vote, it cannot be entirely without significance that so many excellent lawyers and trustees independently reached that conclusion.

## IV.   CONCLUSION

For the reasons set forth above and in Mrs. Bingham's underlying summary judgment briefs, the Court should reconsider its Order, deny summary judgment to LVB, and grant summary judgment for Mrs. Bingham, dismissing Plaintiff's controversion of the Garnishee Defendant's answer to the writ.

DATED this 5th day of December, 2018.

**JOHNSTON JACOBOWITZ & ARNOLD, PC**

/s/ Emanuel Jacobowitz
Emanuel Jacobowitz, WSBA #39991
R. Bruce Johnston, WSBA #4646
2701 First Avenue, Suite 200
Seattle, Washington 98121-1126
(206) 866-3230
Fax: (206) 866-3234
manny@jjalaw.com
*Counsel for Defendant Sharon G. Bingham*

DEFENDANT'S MOTION FOR
RECONSIDERATION OF ORDER (ECF NO. 40) - 7

JOHNSTON JACOBOWITZ & ARNOLD, PC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WASHINGTON 98121-1126
(206) 866-3230  Fax (206) 866-3234

1

CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the all other appearing parties.

DATED this 5th day of December, 2018.

**JOHNSTON JACOBOWITZ & ARNOLD, PC**

/s/ Emanuel Jacobowitz
Emanuel Jacobowitz, WSBA #39991
2701 First Avenue, Suite 200
Seattle, Washington 98121-1126
(206) 866-3230
Fax: (206) 866-3234
manny@jjalaw.com
*Counsel for Defendant Sharon G. Bingham*

DEFENDANT'S MOTION FOR
RECONSIDERATION OF ORDER (ECF NO. 40) - 8

JOHNSTON JACOBOWITZ & ARNOLD, PC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WASHINGTON 98121-1126
(206) 866-3230  Fax (206) 866-3234