THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LVB-OGDEN MARKETING LLC,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>SHARON G. BINGHAM,<br><br>　　　　　　　Defendant,<br><br>BANK OF THE WEST,<br><br>　　　　　　　Garnishee. | No. 2:18-cv-00786-TSZ<br><br>***EX PARTE* MOTION TO STRIKE DEFENDANT'S UNTIMELY CLAIM FOR EXEMPTION**<br><br>NOTE ON MOTION CALENDAR:<br>December 7, 2018 (Same Day Motion) |

*EX PARTE* MOTION TO STRIKE DEFENDANT'S UNTIMELY CLAIM FOR EXEMPTION
No. 2:18-cv-00786-TSZ

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

Plaintiff LVB-Ogden Marketing LLC ("LVB") unfortunately has no choice but to bring this motion, as Defendant Sharon Bingham—nearly *seven months too late*—has now served an exemption claim asserting that all the Fisher Trust accounts at issue in this proceeding should be treated as exempt from garnishment. *See* Ex. A. Defendant is belatedly attempting to trigger a statute requiring LVB to ask the Court for a hearing within 14 days, forcing LVB to file this motion. *See* RCW 6.27.160(2). But the very statute cited in her claim—and quoted in *capital letters in the claim she served*—makes clear that any exemption claim must be filed "not later than *twenty-eight days after the date stated on the writ.*" RCW 6.27.160(1); Ex. A. As the parties have already addressed in controversion briefing in May 2018, and again in summary judgment briefing in September 2018, she did not. ECF 6 at 7-8; ECF 32 at 8.

Indeed, the writ papers were issued on **April 10, 2018** and served on the Bank and Defendant on April 12, 2018. ECF 2, 3, 5 ¶ 3. The Bank answered on **May 7, 2018**. ECF 4. Defendant's claim for exemption was due twenty-eight (28) days after the writ was issued, on **May 8, 2018,** but Defendant served no response at all on that date, and certainly claimed no exemption on that date. RCW 6.27.160(1); ECF 6 at 5-8; ECF 32 at 8. Defendant therefore failed to timely claim any exemption, and has waived any exemption claim that could have been made. RCW 6.27.160(1). Nothing in the statute, or Washington law, permits a defendant to belatedly make this claim. *U.S. Fidelity & Guar. Co. v. Hollenshead*, 51 Wash. 326, 328 (1909) ("The right to claim property . . . specifically exempted by statute is a privilege, and will be waived unless asserted at the time and in the manner expressly or impliedly required by the law.").[1] Accordingly, the Court can and should simply strike the claim as untimely.

Out of an abundance of caution, LVB has served an objection to the exemption claim (attached as Exhibit B), noting that the claim is untimely and defective, and reiterating again the points the Court already addressed in granting summary judgment. *See* ECF 40 at 7. Defendant's

---

[1] In addition, there is no evidence that Defendant actually filed the "claim" with the Court as required by statute. RCW 6.27.160(1). It is therefore defective on that ground as well.

*EX PARTE* MOTION TO STRIKE DEFENDANT'S UNTIMELY CLAIM FOR EXEMPTION – 1
No. 2:18-cv-00786-TSZ

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

claim is little more than a thinly veiled attempt to reargue the Court's summary judgment order, and burden the Court again with the same arguments that have already been presented and disposed of. The Court should simply strike it as untimely. If the Court is not inclined to simply strike the pleading as untimely in response to this motion, LVB would ask that the untimeliness of Defendant's claim be addressed on an expedited briefing schedule. Likewise, if the Court believes a hearing under RCW 6.27.160(2) is necessary, LVB would ask that any hearing be limited to the untimeliness of Defendant's claim. LVB files this motion only out of an abundance of caution, to comply with the statute Defendant is attempting to belatedly invoke.

DATED: December 7, 2018

s/ William R. Squires III
William R. Squires III, WSBA No. 4976
CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Telephone: (206) 625-8600  Fax: (206) 625-0900
E-mail:   rsquires@corrcronin.com

*Attorneys for Plaintiff*

*EX PARTE* MOTION TO STRIKE DEFENDANT'S UNTIMELY CLAIM FOR EXEMPTION – 2
No. 2:18-cv-00786-TSZ

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

# CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service first-class mail the document to the following non CM/ECF participants:

**Nathan J Arnold**
JOHNSTON JACOBOWITZ & ARNOLD, PC
2701 First Ave., Suite 340
Seattle, WA 98121
Telephone:  (206) 866-3230
Email: nathan@jjalaw.com

*Attorney for Defendant Sharon Bingham*

**David Ryan Ebel**
**M. John Way**
SCHWABE WILLIAMSON & WYATT
1420 5th Ave., Sute 3400
Seattle, WA 98101-4010
Telephone:    (206) 407-1525
Email:         debel@schwabe.com
Email:         mjway@schwabe.com

**Eleanor A DuBay**
TOMASI SALYER MARTIN
121 SW Morrison St., Suite 1850
Portland, OR 97204
Telephone:    (503) 894-9900
Email:         edubay@tomasilegal.com

*Attorneys for Defendant Bank of the West*

*s/ William R. Squires III*
William R. Squires III, WSBA No. 4976
Attorney for Plaintiff
CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Telephone: (206) 625-8600
Fax: (206) 625-0900
e-mail: rsquires@corrcronin.com

**CERTIFICATE OF SERVICE**
No. 2:18-cv-00786-TSZ

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600