THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LVB-OGDEN MARKETING, LLC,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>SHARON G. BINGHAM,<br><br>　　　　　　　　Defendant,<br><br>BANK OF THE WEST,<br><br>　　　　　　　　Garnishee. | No. 2:18-CV-00786-TSZ<br><br>**PLAINTIFF'S RESPONSE TO GARNISHEE BANK OF THE WEST AND DEFENDANT'S MOTIONS FOR RECONSIDERATION**<br><br>NOTE ON MOTION CALENDAR:<br>JANUARY 18, 2018<br><br>ORAL ARGUMENT REQUESTED |

**PLAINTIFF'S RESPONSE TO MOTIONS FOR RECONSIDERATION**
No. 2:18-CV-00786-TSZ

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................................1

II. BACKGROUND .........................................................................................................2

III. ARGUMENT ..............................................................................................................3

    A. The Motions Fail to Establish Any Cognizable Basis for Reconsideration .............3

        1. None of the Evidence BOTW or Defendant Relies Upon Is New. ..................4

        2. BOTW's Improper In Camera Submission Cannot Be A Basis For A Finding of "Manifest Error" By The Court. .....................................................5

    B. Even If They Were Presented And Considered, None of the Materials Submitted Now Warrants Reversal or Modification of the Court's Order ..............8

        1. BOTW Cannot Claim Exemptions on Defendant's Behalf—They Were Waived When Defendant Failed to Timely Assert Them. ...............................8

        2. Even If There Were a Timely Exemption Claim to Adjudicate, The New Evidence Does Nothing To Justify BOTW's Incomplete Answer ..................9

IV. CONCLUSION .........................................................................................................12

**PLAINTIFF'S RESPONSE TO MOTIONS FOR RECONSIDERATION** – i
No. 2:18-CV-00786-TSZ

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*389 Orange Street Partners v. Arnold*,
  179 F.3d 656 (9th Cir. 1999) ................................................................................................3

*Abbywho, Inc. v. Interscope Rec.*,
  2008 WL 11406034 (C.D. Cal. Jan. 7, 2008) ........................................................................4

*Abourezk v. Reagan*,
  785 F.2d 1043 (DC. Cir. 1986) ..............................................................................................7

*Am.-Arab Anti-Discrimination Comm. v. Reno*,
  70 F.3d 1045 (9th Cir. 1995) .................................................................................................7

*In re Application of Eisenberg*,
  654 F.2d 1107 (5th Cir. 1981) ...............................................................................................7

*Ass'n for Reduction of Violence v. Hall*,
  734 F.2d 63 (1st Cir. 1984) ...................................................................................................7

*B.F. Goodrich Co. v. Thrash*,
  15 Wash. 2d 624 (1942) .......................................................................................................10

*Barber v. Hawaii*,
  42 F.3d 1185 (9th Cir. 1994) .................................................................................................4

*U.S. ex rel. Barber v. Pennsylvania*,
  429 F.2d 518 (3d Cir. 1970) ..................................................................................................7

*Cle Elum Bowl, Inc. v. N. Pac. Ins. Co.*,
  96 Wash. App. 698, 981 P.2d 872 (1999) ...........................................................................10

*Erickson v. Bank of California, N.A.*,
  97 Wash. 2d 246 (1982) .......................................................................................................12

*Hahn v. Strasser*,
  2011 WL 13229073 (W.D. Wash. March 14, 2011) .............................................................9

*Hopkins v. Andaya*,
  958 F. 2d 881 (9th Cir. 1992) ................................................................................................4

*Kona Enter., Inc. v. Estate of Bishop*,
  229 F.3d 877 (9th Cir. 2000) .................................................................................................3

*Lynn v. Regents of the Univ. of California*,
  656 F.2d 1337 (9th Cir. 1981) ...............................................................................................7

*Matter of Marriage of Galando*,
  200 Wash. App. 1030 (2017) ...............................................................................................10

*Milne v. U.S.*,
  2000 WL 637315 (W.D. Wash. Feb. 24, 2000) ...................................................................10

**PLAINTIFF'S RESPONSE TO MOTIONS FOR
RECONSIDERATION** – ii
No. 2:18-CV-00786-TSZ

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

*Osteen v. Wineberg's Estate*,
  30 Wash. App. 923 (1982) ................................................................................................10

*In re Pettit*,
  61 B.R. 341 (Bankr.W.D. Wash.1986) ...............................................................................10

*Schlicht v. United States*,
  2006 WL 229551 (D. Ariz. Jan. 30, 2006) ...........................................................................5

*School Dist. No. 1J, Multnomah County, Or. V. ACandS, Inc.*,
  5 F.3d 1255 (9th Cir. 1993) ..................................................................................................5

*State v. Simms*,
  95 Wash. App. 910 (1999) ..................................................................................................11

*Trade Assocs. Inc. v. Fusion Tech. Inc.*,
  2011 WL 13195979 (W.D. Wash. May 4, 2011) .............................................................4, 9

*U.S. Fidelity & Guar. Co. v. Hollenshead*,
  51 Wash. 326 (1909) .............................................................................................................9

*Vining v. Runyon*,
  99 F.3d 1056 (11th Cir. 1996) ..............................................................................................7

*Williams v. Foster*,
  2014 WL 7014496 (D. Nev. Dec. 11, 2014) .........................................................................7

**Statutes**

RCW 6.27.060 ............................................................................................................................10

RCW 6.27.160 ..........................................................................................................................8, 9

RCW 6.27.190 ..............................................................................................................................9

RCW 11.88.010 ....................................................................................................................10, 11

RCW 19.40.041 ..........................................................................................................................12

**Rules**

Fed. R. Civ. P. 56(c)(1)(A) ..........................................................................................................6

**Other Authorities**

G. Bogert, *The Law Of Trusts And Trustees*, § 211 (2018 ed.) ..............................................12

Restatement (Third) of Trusts § 58 (2003) ..............................................................................10

**PLAINTIFF'S RESPONSE TO MOTIONS FOR
RECONSIDERATION** – iii
No. 2:18-CV-00786-TSZ

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

*Osteen v. Wineberg's Estate*,
  30 Wash. App. 923 (1982) ................................................................................................10

*In re Pettit*,
  61 B.R. 341 (Bankr.W.D. Wash.1986) ...............................................................................10

*Schlicht v. United States*,
  2006 WL 229551 (D. Ariz. Jan. 30, 2006) ...........................................................................5

*School Dist. No. 1J, Multnomah County, Or. V. ACandS, Inc.*,
  5 F.3d 1255 (9th Cir. 1993) ..................................................................................................5

*State v. Simms*,
  95 Wash. App. 910 (1999) ..................................................................................................11

*Trade Assocs. Inc. v. Fusion Tech. Inc.*,
  2011 WL 13195979 (W.D. Wash. May 4, 2011) .............................................................4, 9

*U.S. Fidelity & Guar. Co. v. Hollenshead*,
  51 Wash. 326 (1909) .............................................................................................................9

*Vining v. Runyon*,
  99 F.3d 1056 (11th Cir. 1996) ..............................................................................................7

*Williams v. Foster*,
  2014 WL 7014496 (D. Nev. Dec. 11, 2014) .........................................................................7

**Statutes**

RCW 6.27.060 ............................................................................................................................10

RCW 6.27.160 ..........................................................................................................................8, 9

RCW 6.27.190 ..............................................................................................................................9

RCW 11.88.010 ....................................................................................................................10, 11

RCW 19.40.041 ..........................................................................................................................12

**Rules**

Fed. R. Civ. P. 56(c)(1)(A) ..........................................................................................................6

**Other Authorities**

G. Bogert, *The Law Of Trusts And Trustees*, § 211 (2018 ed.) ..............................................12

Restatement (Third) of Trusts § 58 (2003) ..............................................................................10

**PLAINTIFF'S RESPONSE TO MOTIONS FOR
RECONSIDERATION** – iii
No. 2:18-CV-00786-TSZ

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

## I. INTRODUCTION

The motions for reconsideration filed by garnishee Bank of the West ("BOTW") and Defendant fall woefully short of meeting the exacting standard for reconsideration, and should be denied on that basis. Neither motion presents any new legal authority that has emerged since the Court's decision. Neither motion presents any new evidence that could not have been presented at the time the motions were briefed. Instead, movants point to: (i) BOTW's improper *in camera* submission, which it refused to provide to LVB, which it filed despite the Court's order staying the submission, and which BOTW **never once referenced in its summary judgment papers**; and (ii) a few conclusory statements in declarations from BOTW employees and Henry Dean—which obviously could have been presented at the time of the motions if they were meaningful.

All of the "new" evidence pre-dates the original filings, and thus cannot be a basis for reconsideration. Accordingly, to prevail, movants would have to show that the Court committed *manifest error*—that is, "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record"—simply because it did not consider evidence that was not relied upon, and that LVB had never seen. The Court committed no such manifest error. The Court correctly held that "due process demands that this Court not rely on ex parte communications or evidence to decide contested motions in this case." ECF 40 at 4.

Yet even if the Court could somehow consider the "new" evidence, it would not change the result, and BOTW's answer would remain incomplete. *First*, none of the evidence disputes the simple facts that: (i) to claim that the accounts were exempt from garnishment as "active trust" funds, it was Defendant's obligation to claim that exemption on *May 8, 2018*; (ii) Defendant did not do so; and therefore (iii) any such claim has been waived. BOTW still presents no authority for the proposition that it can assert exemptions on Defendant's behalf, or that it can do so by simply omitting the accounts from its Answer—thereby short-circuiting the process of adjudicating them. *Second*, none of the evidence disputes that Defendant, at the very least, has a fully vested property right in the funds sitting in those accounts, meaning the accounts were required to be disclosed in

PLAINTIFF'S RESPONSE TO MOTIONS FOR
RECONSIDERATION – 1
No. 2:18-CV-00786-TSZ

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

the Answer.  ***Third***, even if BOTW could justify an incomplete answer simply by pointing to the "incapability" language in the Wills (for all the reasons above, it cannot), neither the conclusory paragraph in the chart BOTW produced (ECF 43 at 90), nor the equally conclusory declarations, present evidence that Defendant actually is "incapable of managing to his or her own best interest and advantage the property to be distributed."  ECF 42 at 2.  Generously, this "new" evidence can be simply summarized as:  Defendant wishes to evade the judgments against her.  Nothing in Washington law supports the notion that a desire to evade creditors renders one incapable of managing money, and neither party has met their burden of showing that it could.

BOTW made the strategic decision not to rely upon the *in camera* evidence on summary judgment, in the apparent hope that the Court would overlook BOTW's clear misstatements of the record, deny LVB's motion, and the evidence of its collusion with Defendant to evade creditors would never come to light.  That is certainly no basis for reconsideration.

## II.   BACKGROUND

LVB summarized the history of this dispute in its summary judgment Statement of Facts.  ECF 32 (Mot.) at 2-5.  It reiterates here only the facts most salient to the pending motions:

On June 14, 2018, in response to LVB's controversion, BOTW represented to the Court that it was willing to submit additional, purportedly "confidential" information concerning its exercise of discretion *in camera*.  ECF 13 at 11 n.3.  On August 14th, the Court accepted that offer and set an August 21st filing deadline.  ECF 22 at 1.  LVB sent an e-mail confirming that BOTW intended to share its submission with LVB, but **BOTW refused**.  ECF 23-1.  LVB was therefore forced to bring BOTW's refusal to the Court's attention.  ECF 23.

On August 21st, the Court ***stayed*** its August 14th order, and invited briefing by August 29th regarding the "legal basis for refusing to provide" the *in camera* evidence to LVB.  *See* ECF 24 at 1.  On August 29th, BOTW and Defendant opposed production of the *in camera* evidence to LVB, while identifying no legal basis for that position.  *See* ECF 26 at 5; ECF 27 at 5.

In the same August 14th Order, the Court also set a September 6th filing deadline for

PLAINTIFF'S RESPONSE TO MOTIONS FOR
RECONSIDERATION – 2
No. 2:18-CV-00786-TSZ

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

"motions for summary judgment addressing whether a trial is necessary to resolve the issue of controversion currently before the Court." ECF 22 at 1. BOTW, Defendant, and LVB all filed motions for summary judgment, as well as corresponding oppositions and replies. *See* ECF 29-39. Neither BOTW nor Defendant cited or otherwise referenced the *in camera* submission in their summary judgment papers; instead, they misrepresented to the Court that BOTW had "uncontrolled discretion" to withhold trust distributions and claimed that the reasons for exercising its discretion were irrelevant to these proceedings. *See* ECF 29 at 9-11; ECF 33 at 2; ECF 34 at 2-3, 5-7; ECF 36 at 3, 9; ECF 37 at 3-5; ECF 39 at 5.

In its November 21, 2018 Order, the Court agreed with LVB that (1) "due process demands that this Court not rely on ex parte communications or evidence to decide contested motions in this case," (2) BOTW "has not presented any evidence regarding the exercise of that discretion," (3) and, even still, BOTW "has misconstrued the applicable language in the trust documents." ECF 40 at 4, 8. Moreover, the Court identified specific misrepresentations by BOTW about the scope of its authority to withhold distributions from the Fisher Trusts, and cited evidence of collusion between BOTW and Defendant to conceal her assets from her creditors. *See id.* at 5-7. The Court ordered BOTW to amend its Answer to include "any accounts controlled by or in the possession of the Fisher Trusts for the benefit of Defendant" and "a list of any other assets that were distributed from the Fisher Trust accounts since the date the writ of garnishment was served." *Id.* at 9.

### III. ARGUMENT

#### A. The Motions Fail to Establish Any Cognizable Basis for Reconsideration.

"'[A] motion for reconsideration should not be granted, absent highly unusual circumstances[.]'" *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). "Motions for reconsideration are disfavored" and courts will "deny such motions in the absence of a showing of a manifest error in the prior ruling or a showing of new facts or legal authority which could have

PLAINTIFF'S RESPONSE TO MOTIONS FOR
RECONSIDERATION – 3
No. 2:18-CV-00786-TSZ

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

been brought to its attention earlier with reasonable diligence." LCR 7(h)(1).[1]

Neither BOTW nor Defendant present any new legal authority. BOTW Mot. at 9, 11; Def. Mot. at 4-5. Nor, as addressed in detail below, do they (i) present any new evidence that could not have been submitted with the original papers; or (ii) demonstrate that the Court committed manifest error—that is, that the Court committed "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Trade Assocs. Inc. v. Fusion Tech. Inc.*, 2011 WL 13195979, at *2 (W.D. Wash. May 4, 2011).

### 1. None of the Evidence BOTW or Defendant Relies Upon Is New.

Neither BOTW nor Defendant identifies any evidence that has emerged since the original briefing. The evidence they both now rely upon is evidence that clearly could have been presented to the Court during the course of that briefing, namely: (i) materials that BOTW previously submitted *in camera*, and (ii) a few conclusory declarations from BOTW employees that Defendant is "incapable of managing" the Fisher Trust assets "to her own best interest and advantage" that clearly could have been presented before if they were credible. *See* BOTW Mot. at 11-16; Thibedeau Decl. ¶¶ 10-11, Ex. A; Bucklin Decl. ¶¶ 3-5; Hobson Decl. ¶¶ 4-5. Defendant also filed a declaration from Henry Dean to support her "new evidence" claim. *See* Dean Decl. ¶ 2. However, all of the exhibits thereto are dated ***February 2, 2016 or earlier*** (nearly 3 years ago), and all of the events described in the declaration occurred prior to the original briefing. *See id.* The declarations from BOTW and Mr. Dean—which clearly could have been submitted earlier—do not even purport to present newly discovered evidence, and accordingly cannot be a basis for reconsideration. LCR 7(h)(1). Both BOTW and Defendant offer "no reason why the [declarations] could not have been obtained" earlier and filed with their summary judgment papers. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994); *Abbywho, Inc. v. Interscope Rec.*, 2008 WL 11406034, at *6 (C.D. Cal. Jan. 7, 2008).

---

[1] *Hopkins v. Andaya*, 958 F. 2d 881, 887 n.5 (9th Cir. 1992) ("A defeated litigant cannot set aside a judgment because he failed to present on a motion for summary judgment all the facts known to him that might have been useful to the court.").

PLAINTIFF'S RESPONSE TO MOTIONS FOR RECONSIDERATION – 4
No. 2:18-CV-00786-TSZ

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

The same is true of the *in camera* materials—all of which predate October 23, 2017. They were in BOTW's possession, and known about at the time of the original briefing, and thus are not evidence that was newly discovered since the time of the original briefing. *See* BOTW Mot. at 6-7.[2] All told, neither BOTW nor Defendant can rely on "new evidence" as a basis for reconsideration. "[T]he failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence." *School Dist. No. 1J, Multnomah County, Or. V. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

### 2. BOTW's Improper *In Camera* Submission Cannot Be A Basis For A Finding of "Manifest Error" By The Court.

Having failed to produce any new evidence, BOTW likewise fails to offer any legal basis on which the Court committed manifest error in not considering BOTW's procedurally improper, and expressly rejected, *in camera* submission.[3] This is true for at least five, independent reasons.

*First*, BOTW never once actually referred to its *in camera* submission in opposing LVB's summary judgment motion, or in support of its own motion. *See* ECF 29, 34, 37. It never once directed the Court to those materials or referenced them in its summary judgment papers—presumably because it recognized that doing so was improper. *Id.* Instead, BOTW argued that the issue of whether BOTW exercised its discretion was not relevant to these proceedings. *See* ECF 29 at 8-12; ECF 34 at 2-4, 5-7; ECF 37 at 3-5. It simply adopted the

---

[2] Defendant complains that she asked for the *in camera* evidence and was likewise denied. Def. Mot., ECF 48, at 2. This is of no moment given that (i) she actually *opposed* the release of the in camera evidence (ECF 27); and (ii) causally asking for the materials, accepting their refusal, and failing to compel production is not exercising sufficient due diligence to qualify as new material. *See Schlicht v. United States*, 2006 WL 229551, at *2 (D. Ariz. Jan. 30, 2006) ("[D]ue diligence assumes at least some level of deductive reasoning in an active effort to discover evidence based on the knowledge and information already possessed by the litigants."). Moreover, the issue presented by LVB's motion is the completeness of BOTW's answer, which is BOTW's obligation to address, not Defendant's.

[3] BOTW's reconsideration motion is not even internally consistent on this point. In an attempt to argue a basis for reconsideration, it argues that failing to consider the in camera submission was "manifest error" and this evidence "should be dispositive to the Court's ruling on all three summary judgment motions." BOTW Mot., ECF 42, at 11. Yet it still suggests that this information is not relevant to these proceedings. *See id.* at 13, n.33 (noting that the Court considered this information to be only "potentially relevant" and restating its prior argument that only "the fact that the [Bank] had exercised discretion" is relevant).

PLAINTIFF'S RESPONSE TO MOTIONS FOR
RECONSIDERATION – 5
No. 2:18-CV-00786-TSZ

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

strategy of vaguely contending that it had unbridled "discretion," and hoping the Court would not notice that this was grossly misstating the documents. *Id.* The Court correctly rejected that strategy, and identified the many places in which BOTW and its declarants misrepresented the facts. *See* ECF 40 at 5-7. BOTW cannot now contend that it was "manifest error" for the Court not to consider *in camera* materials BOTW never referenced or relied upon in its papers. To the contrary, the Court was bound to adhere to Rule 56, which requires a non-movant who contends that "a fact cannot be or is genuinely disputed must support the assertion by . . . ***citing to particular parts of materials in the record*** [.]" Fed. R. Civ. P. 56(c)(1)(A) (emphasis added). That BOTW did not even purport to rely upon the *in camera* materials is sufficient basis, in and of itself, for the Court to reject it as a basis for reconsideration.

*Second*, BOTW was clearly aware that the *in camera* material was not before the Court on summary judgment. The Court expressly *stayed* its ruling on August 21, 2018 after LVB informed the Court that BOTW was refusing to share its submission with LVB. ECF 24 at 1. There was absolutely no misunderstanding on LVB's part about whether the Court should consider BOTW's *in camera* evidence at summary judgment, as BOTW claims. *See* BOTW Mot. at 3, 8. Having received the Court's August 21st Order, BOTW cannot credibly contend that it believed the Court would consider evidence LVB had never seen and grant summary judgment on that basis.[4]

*Third*, federal law is clear that summary judgment motions such as the ones here cannot be decided based on *in camera* submissions. Indeed, "[i]t is a hallmark of our adversary system that we safeguard party access to the evidence tendered in support of a requested court judgment. . . . It is therefore the firmly held main rule that a court may not dispose of the merits of a case on the

---

[4] BOTW even concedes in its motion that "[i]n hindsight, perhaps [BOTW] should have interpreted the Court's August 21 Order staying the prior order differently." Ebel Decl., ECF 44, ¶ 5.

**PLAINTIFF'S RESPONSE TO MOTIONS FOR RECONSIDERATION** – 6
No. 2:18-CV-00786-TSZ

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

basis of *ex parte*, *in camera* submissions." *Abourezk v. Reagan*, 785 F.2d 1043, 1060-61 (DC. Cir. 1986) (citing *In re Application of Eisenberg*, 654 F.2d 1107, 1112 (5th Cir. 1981)). For this reason, "consideration of *in camera* submissions to determine the merits of litigation is allowable only when the submissions involve compelling national security concerns or the statute granting the cause of action specifically provides for *in camera* resolution." *Vining v. Runyon*, 99 F.3d 1056, 1057-58 (11th Cir. 1996).[5] BOTW cited nothing in its summary judgment papers to the contrary, nor here. It did not refer to the *in camera* evidence at all in its original papers, and cited no legal authority that the Court could have considered undisclosed *in camera* evidence.

***Fourth***, BOTW had no proper legal basis to lodge the materials *in camera* in the first place. They are not privileged, and BOTW has not even established that it would meet the basic standard for confidentially needed for a filing ***under seal***—which would have permitted LVB to review it. *See* LCR 5(g); *see also Williams v. Foster*, 2014 WL 7014496, at *1 (D. Nev. Dec. 11, 2014) (discussing *in camera* and under seal filings). Indeed, BOTW's *in camera* submission, summarized in Appendix A, consists of:

- Three documents that were already before the Court: the Wills (ECF 43 at 9-45), an e-mail ***confirming*** that, as the Court suspected, BOTW has been colluding with Defendant to evade creditors (*id.* at 51-56), and a letter parroting Defendant's legal arguments that was commissioned and partially written by Defendant's counsel here (*id.* at 46-50).
- Two public records: Frances Graham's death certificate (*id.* at 86) and a news article about the family (ECF 45 at 81-85).
- Defendant's request to BOTW for distribution (*id.* at 57-80), which had already been produced by the SGB 2007 Trustee in the discovery proceeding.
- A heavily redacted chart containing one conclusory paragraph of analysis purporting to withhold funds on the basis that Defendant needs to evade creditors. (*id.* at 87-92).[6]

---

[5] *See also Am.-Arab Anti-Discrimination Comm. v. Reno*, 70 F.3d 1045, 1069 (9th Cir. 1995); *Lynn v. Regents of the Univ. of California*, 656 F.2d 1337, 1346 (9th Cir. 1981); *Ass'n for Reduction of Violence v. Hall*, 734 F.2d 63, 67 (1st Cir. 1984); *U.S. ex rel. Barber v. Pennsylvania*, 429 F.2d 518, 519-20 (3d Cir. 1970).

[6] "The family used to be a very wealthy family, owning many businesses in the Seattle area, but due to a fraud committed upon them they are no[w] (sic) in a battle with creditors for their personal assets. (See attached judgments)."

**PLAINTIFF'S RESPONSE TO MOTIONS FOR RECONSIDERATION** – 7
No. 2:18-CV-00786-TSZ

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

Indeed, Defendant's own counsel admits "there's nothing there of Ms. Bingham's information that is materially more private than what has been made public in other proceedings." ECF 49 (Jacobowitz Decl.) ¶ 7. BOTW had no credible, legal basis to file materials *in camera* in the first place, and any "procedural irregularities" are of its own making. *Id*. They are certainly not a basis for a finding that the Court committed manifest error.

***Finally***, as discussed in detail below, the *in camera* evidence does not change the result here even if it had been presented. Each of these reasons would be sufficient, in and of itself, to reject the notion that the Court committed manifest error.

    **B.**    **Even If They Were Presented And Considered, None of the Materials Submitted Now Warrants Reversal or Modification of the Court's Order.**

Even if the Court could consider the "new" material, none of the arguments made or materials submitted would warrant reversal or modification of the Court's order.

    **1.**    **BOTW Cannot Claim Exemptions on Defendant's Behalf—They Were Waived When Defendant Failed to Timely Assert Them.**

As a threshold matter, none of the evidence presented could disturb the reality that BOTW is improperly attempting to assert a waived exemption on Defendant's behalf. Indeed, upon receiving the Court's ruling on summary judgment in this proceeding, Defendant belatedly served and filed an exemption form asserting that the funds were exempt as trust funds. *See* ECF 52. The very statute cited in her filing—***and quoted in capital letters in the claim she served***—makes clear that any exemption claim must be filed "not later than twenty-eight days (four weeks) after the date on the writ." RCW 6.27.160(1); ECF 52 at 2. Here, the writ papers were issued on **April 10, 2018** and served on BOTW and Defendant on April 12, 2018. ECF 2, 3, 5 ¶ 3. The writ papers identified the former Fisher Trust accounts at issue *by account number*. ECF 5-3.[7] BOTW

---

[7] The fact that the ACH exists establishes that BOTW knew at the time of its Answer that it was holding funds that would be distributed to Defendant—regardless of when that will take place. This makes BOTW's claim that the Court "misapprehended how [automated clearing house] transfers work" of no relevance to the pending motions. BOTW Mot. at 4, 12. In any event, BOTW already raised this argument in the original briefing, meaning it is certainly irrelevant for purposes of a reconsideration motion. *Compare* ECF 37, at 5 n.2, *with* ECF 40, at 7-8. BOTW cannot

**PLAINTIFF'S RESPONSE TO MOTIONS FOR RECONSIDERATION** – 8
No. 2:18-CV-00786-TSZ

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

answered on **May 7, 2018**. ECF 4. Defendant's claim for exemption was due twenty-eight (28) days after the writ was issued, on **May 8, 2018,** but Defendant served no response on that date, let alone claimed an exemption. RCW 6.27.160(1); ECF 6 at 5-8; ECF 32 at 8. Defendant therefore failed to timely claim any exemption, and has waived any exemption claim that could have been made. *See* RCW 6.27.160(1). Nothing in the statute, or Washington law, permits a defendant to belatedly make this claim. *See U.S. Fidelity & Guar. Co. v. Hollenshead*, 51 Wash. 326, 328 (1909) ("The right to claim property . . . specifically exempted by statute is a privilege, and will be waived unless asserted at the time and in the manner expressly or impliedly required by the law.").

Indeed, BOTW's *sole obligation* is to list in its Answer all of the accounts in which Defendant has an interest. *See* RCW 6.27.190. Any argument that *exemptions* apply (a separate question that is not before the Court), must be made by **Defendant**. *See* RCW 6.27.160(1) ("A *defendant* may claim exemptions from garnishment in the manner specified by the statute . . .") (emphasis added). She did not. BOTW cannot prevail on summary judgment by simply claiming that it short-circuited the exemption process altogether by not listing the accounts in its Answer in the first place. None of the "new" evidence presented in the reconsideration papers refutes this.

### 2. Even If There Were a Timely Exemption Claim to Adjudicate, The New Evidence Does Nothing To Justify BOTW's Incomplete Answer.

The "new" evidence also fails to justify BOTW's incomplete answer. Nothing presented refutes the reality that Defendant is the "sole heir of the settlors" and thereby the sole beneficiary of the Fisher Trusts.[8] Order, ECF 40, at 7. As a trust beneficiary, Defendant holds an equitable and beneficial ownership interest in the trusts' property. *See Milne v. U.S.*, 2000 WL 637315, at *2 (W.D. Wash. Feb. 24, 2000) (citing *Osteen v. Wineberg's Estate*, 30 Wash. App. 923, 932-33 (1982)). She has a fully vested remainderman interest in the property.[9] Washington law requires

---

now seek to "rehash arguments previously presented." *Hahn v. Strasser*, 2011 WL 13229073, at *1 (W.D. Wash. March 14, 2011); *see also Trade Assocs. Inc.*, 2011 WL 13195979, at *2.

[8] Indeed, even one of the Fisher Trust accounts includes "FBO Sharon Bingham" in its title. ECF 5-4 at 4.

[9] *See Matter of Marriage of Galando*, 200 Wash. App. 1030, at *16 n.14 (2017) (providing that a spendthrift restraint does not protect against the beneficiary's creditors where the beneficiary is able to compel distribution of the trust

PLAINTIFF'S RESPONSE TO MOTIONS FOR
RECONSIDERATION – 9
No. 2:18-CV-00786-TSZ

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

the garnishee to include in the answer any "property or effects belonging to the defendant" that are in the garnishee's "possession or control." RCW 6.27.060. Accordingly, the Fisher Trust accounts must be listed in BOTW's answer regardless of whether BOTW or Defendants are claiming (belatedly) that they are exempt from garnishment.[10]  Again, if Defendant's novel suggestion were the law, then there would be *no procedural mechanism* in a garnishment proceeding to challenge a claim that money sitting in an account is legitimately protected by a spendthrift trust.

But even if the exemption claim had not been waived (as above, it was), and BOTW could somehow short-circuit the exemption process by simply refusing to list accounts in its Answer (as above, it cannot), none of the "new material" lends any credible support to the merits of the exemption claim. As before, there is no question that—by the plain terms of the Wills—the settlors' intent was for Defendant (their sole great-grand child) to receive all remaining trust assets after attaining the age of 45. *See* ECF 43 at 18, 35. The narrow carve-out BOTW relies upon can only apply on its face if Ms. Bingham is "incapable of managing to his or her own best interest and advantage the property to be distributed." ECF 42 at 2. If the BOTW or Defendant wanted the Court to deviate from the plain meaning of that phrase, they were required to present evidence and authority for such an interpretation.[11]  They did not and have not.[12]

Indeed, nothing in the record would support the conclusion that Defendant is "incapable"—that is, not capable at all—of receiving and handling money. Indeed, Defendant is

---

property); *In re Pettit*, 61 B.R. 341, 346 (Bankr.W.D. Wash.1986) ("Where a valid spendthrift trust exists, [] the portion of the trust which has accrued and is ready for distribution to the beneficiary is subject to seizure."); Restatement (Third) of Trusts § 58 (2003), cmt. d(2).

[10] The Court correctly found that BOTW's invocation of *B.F. Goodrich Co. v. Thrash*, 15 Wash. 2d 624 (1942) is misplaced. ECF 40 (ECF 40 at 7 n.3. As the Court noted, unlike here, the beneficiaries in *B.F. Goodrich* had no mechanism to demand distribution of trust assets, and the respondent (Thrash) had no vested interest in them. *Id.*

[11] *Cle Elum Bowl, Inc. v. N. Pac. Ins. Co.,* 96 Wash. App. 698, 703, 981 P.2d 872, 875–76 (1999) (in interpreting a contract, "[i]f undefined, the terms must be given their plain and ordinary meaning.").

[12] If anything, the language of the Wills follows closely that of the term "incapacity" as defined under RCW 11.88.010. *Compare* ECF 42 at 2 (whether individual "is incapable of managing to his or her own best interest and advantage the property to be distributed"), *with* RCW 11.88.010 (a "demonstrated *inability to adequately manage property or financial affairs*") (emphasis added). Meeting that standard has severe legal consequences under Washington law, including the appointment of a legal guardian. *See* RCW 11.88.010; *State v. Simms,* 95 Wash. App. 910, 916 (1999).

**PLAINTIFF'S RESPONSE TO MOTIONS FOR RECONSIDERATION** – 10
No. 2:18-CV-00786-TSZ

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

college educated, has a home valued at $5.8 million with her husband, who operates a luxury car dealership, and is the sole beneficiary of a trust called the SGB 2007 Trust that had $13 million of assets, net of encumbrances, as of May 2017.  ECF 5-34, Case No. 18-cv-243.  She recently confirmed at her deposition that, among other things, that she (i) is in good health; (ii) belongs to several clubs, including the Bellevue Athletic Club, Overlake Golf Club and Seattle Yacht Club; (iii) continues to spend as many as 16 weeks of the year vacationing in Hawaii; (iv) sails with her husband annually to Canada; and (v) and has done extensive volunteer work.  *See* Ex. 1 (Dep. Tr.) at 7:10-13; 9:19-25; 11:11-12:12; 20:2-7; 21:6-25; 25:8-16; 28:11-23.[13]  She was the trustee of her own trust before 2011.  *See* Case No. 18-cv-243, ECF 1-5.  Her approval has been required for Bingham family investments.  Ex. 2 at 1.  She had her mother convert her bank accounts to cashier's checks and then hide them in safety deposit boxes to avoid creditors, believing this was "the safest way to go."  Ex. 1 at 103:7-19; 104:3-19; *see also* Ex. 3.

The "new" evidence BOTW contends supports a finding of "incapability" are simply artful and circuitous repetitions of the fact that Defendant has judgments entered against her, and she would prefer to continue to avoid complying with them.  This includes: (i) the one paragraph of explanation in the redacted chart;[14] (ii) the conclusory assertions in BOTW's declarations (to the extent these declarants have any lingering credibility after the Court's order); and (iii) the equally conclusory assertions of Henry Dean.  *See* ECF 43, 44-45, 50.  If anything, the "new" evidence *confirms* that BOTW has been complicit in Defendant's scheme to evade creditors—which is presumably why it chose to hide the evidence from LVB in the first place.

But just as a person cannot hinder, delay, or defraud creditors by transferring her property into a spendthrift trust, *see* RCW 19.40.041, a trustee cannot falsely designate a beneficiary as incapable of managing her assets and withhold distributions for the same purpose. *See* G. Bogert,

---

[13] All citations in the form "Ex." are to the declaration of William R. Squires filed concurrently with this brief.
[14] *See* ECF 43 at 90 (finding "incapability" based on the existence of judgment creditors).  The observation of Defendant's tax returns showing losses, and expenses exceeding income, obviously stem from those same judgments, and are simply repetitious for that reason.

**PLAINTIFF'S RESPONSE TO MOTIONS FOR RECONSIDERATION** – 11
No. 2:18-CV-00786-TSZ

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

*The Law Of Trusts And Trustees*, § 211 (2018 ed.) ("Trusts that have as their purpose delaying, hindering, or defrauding creditors are common examples of trusts with illegal purposes."). "To hold otherwise would be to hand spendthrift trust beneficiaries an active sword for defrauding creditors against the public policy of this state." *Erickson v. Bank of California, N.A.*, 97 Wash. 2d 246, 253-54 (1982). BOTW and Defendant cannot, consistent with Washington law, cite evading creditors as a cognizable basis for a finding of "incapability."

Indeed, the Court has already confirmed in its order in the related proceeding that "Plaintiff is entitled to seize any distributions made or hereafter distributed to Defendant and/or the SGB Trust from the Fisher Trusts." Case No. 18-cv-243, ECF 182 at 12. This was not disputed in Defendant's reconsideration motion, nor could it be. *Id.*, ECF 201. Given that undisputed reality, the only cognizable goal in declining to comply with the Wills, and distribute the funds, would be to evade creditors. Defendant's husband has testified to a practice of timing other trust payments to ensure money is immediately transferred before it can be garnished. *See* Ex. 4 (Dep. Tr.) at 6:1-8, 9:5-11, 11:2-5, 29:21-30:7. The only effect of withholding the Fisher Trust funds would be to orchestrate a similar scheme should the Court's freeze be lifted whereby BOTW and Defendant attempt to transfer away distributions before they can be garnished—forcing LVB and the Court to adjudicate an endless stream of fraudulent transfer claims for years to come.[15]

## IV. CONCLUSION

For the foregoing reasons, the Court should deny BOTW and Defendant's motions.

---

[15] Defendant's contempt for this Court's rulings was most recently on full display when she admitted that immediately after the Court entered summary judgment regarding certain self-settled transfers in the related proceeding (Case No. 18-cv-243, ECF 182), she and her counsel attempted to sell off the property that was the subject of the Court's order in an effort to circumvent the Court's ruling. *See id.*, ECF 216 at 5. Movants' admission that by "incapability" they mean "evading creditors" is no more defensible, and certainly no basis for a finding that BOTW's answer is sufficient.

PLAINTIFF'S RESPONSE TO MOTIONS FOR
RECONSIDERATION – 12
No. 2:18-CV-00786-TSZ

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

DATED: January 14, 2019

*s/ William R. Squires III*
William R. Squires III, WSBA No. 4976
CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Telephone: (206) 625-8600 Fax: (206) 625-0900
E-mail: rsquires@corrcronin.com

*Attorneys for Plaintiff*

**PLAINTIFF'S RESPONSE TO MOTIONS FOR RECONSIDERATION** – 13
No. 2:18-CV-00786-TSZ

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

## APPENDIX A – THE *IN CAMERA* EVIDENCE

| Page Range[1] | Summary of the Document | Previously Filed Publicly? | Category |
|---|---|---|---|
| 9-28 | First Codicil to Last Will and Testament of O.D. Fisher, dated **June 17, 1961**. | Yes, ECF 5-1 | Submitted for consideration with summary judgment papers; is not newly discovered evidence. |
| 29-45 | First Codicil to Law Will and Testament of Nellie Hughes Fisher, dated **June 21, 1961**. | Yes, ECF 5-2 | Submitted for consideration with summary judgment papers; is not newly discovered evidence. |
| 46-50 | Letter from Dale Foreman to Joseph Shickich re: O.D. Fisher and Nellie Hughes Fisher Trusts, dated **February 2, 2016**. | Yes, ECF 33-1 | Submitted to the Court before the judgment; is not newly discovered evidence; simply parrots legal theories that could have been presented if they were legitimate. |
| 51-56 | Email from Cicilia Park to Andrew Brown (BOTW) re: BOTW – FPG/Shari Trust, dated **June 9, 2017**. | Yes, ECF 5-11 | Submitted for consideration with summary judgment papers; is not newly discovered evidence; confirms "incapability" finding is motivated by evading creditors. |
| 57-81 | Request for Discretionary Distribution submitted to BOTW by Sharon Bingham, dated **August 8, 2017**, and supporting documentation. | No | Is not newly discovered evidence (dated August 8, 2017); previously produced by SGB 2007 Trustee. |
| 81-85 | News article, "BiB Spotlight: Deals burn Fisher heirs' fortune," dated **September 2011**. | No | Is not newly discovered evidence (dated September 2011); is a public record. |
| 86 | Death Certificate of Frances Bingham, dated **May 24, 2017**. | No | Is not newly discovered evidence (dated May 24, 2017); is a public record. |
| 87-92 | Meeting Minutes from BOTW's **October 23, 2017** Discretionary Oversight Committee Meeting. | No | Is not newly discovered evidence (dated October 23, 2017); confirms "incapability" finding is motivated by evading creditors. |

---

[1] BOTW attached the same 86 pages of exhibits to two different declarations. *Compare* ECF 43, *with* ECF 44. The page range references herein are specific to ECF 43.

CERTIFICATE OF SERVICE

      I hereby certify that on January 14, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**Nathan J Arnold**
JOHNSTON JACOBOWITZ & ARNOLD, PC
2701 First Ave., Suite 340
Seattle, WA 98121
Telephone: (206) 866-3230
Email: nathan@jjalaw.com

*Attorney for Defendant Sharon Bingham*

**David Ryan Ebel**
**M. John Way**
SCHWABE WILLIAMSON & WYATT
1420 5th Ave., Sute 3400
Seattle, WA 98101-4010
Telephone: (206) 407-1525
Email: debel@schwabe.com
Email: mjway@schwabe.com

**Eleanor A DuBay**
TOMASI SALYER MARTIN
121 SW Morrison St., Suite 1850
Portland, OR 97204
Telephone: (503) 894-9900
Email: edubay@tomasilegal.com

*Attorneys for Defendant Bank of the West*

      */s/ William R. Squires III*
William R. Squires III, WSBA No. 4976
Attorney for Plaintiff
CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Telephone: (206) 625-8600
Fax: (206) 625-0900
Email: rsquires@corrcronin.com

**CERTIFICATE OF SERVICE**
No. 2:18-CV-00786-TSZ

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600