THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LVB-OGDEN MARKETING LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SHARON G. BINGHAM,<br><br>　　　　Defendant.<br><br>BANK OF THE WEST,<br><br>　　　　Garnishee. | Case No. 2:18-cv-00786-TSZ<br><br>GARNISHEE DEFENDANT BANK OF THE WEST'S REPLY TO PLAINTIFF'S RESPONSE TO JOINT MOTIONS FOR RECONSIDERATION BY GARNISHEE BANK AND DEFENDANT SHARON BINGHAM<br><br>**NOTED FOR HEARING: JANUARY 18, 2019** |

## I.　**INTRODUCTION**

Garnishee Defendant Bank of the West as Trustee for the Fisher Trusts ("Fisher Trustee" or "Trustee"), by and through its undersigned attorneys of record, submits this reply in support of its Motion for Reconsideration. Pursuant to Western District of Washington Local Rule 7(h) and the authority cited herein, the Fisher Trustee respectfully requests that this Court grant reconsideration of its November 21, 2018 Order, Dkt. #40 (the "Order").

The Fisher Trustee maintains that reconsideration of the Order is appropriate and justified. A significant misapprehension or misunderstanding between the Court and the Trustee regarding the *in camera* submission of "Discretion Evidence" led to manifest error in

GARNISHEE DEFENDANT BANK OF THE WEST'S REPLY TO PLAINTIFF'S RESPONSE TO MOTIONS FOR RECONSIDERATION BY GARNISHEE BANK AND DEFENDANT SHARON BINGHAM: CASE NO. CASE NO. 2:18-CV-00786-RAJ - 1
PDX\103332\240553\CWC\24521882.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

the Order. The Court should reconsider its ruling on the Order in light of the *in camera* submission. The Trustee brought this evidence to the Court's attention in August 2018 per the Court's direction in an August 14, 2018 Minute Order (Dkt. #22). The Trustee only learned *after the fact* however, via the Order, that the Court had not reviewed the evidence and that the Court did not consider the submitted materials before it.

## II.   AUTHORITY

The unique procedural facts and background of this case justify reconsideration of the Court's ruling on the parties' respective summary judgment motions. From the early pleadings in this case, the Trustee has maintained that it exercised its discretion over the trust assets.[1] Evidence exists which demonstrates (1) the Fisher Trustee used its discretion to determine the beneficiary of the Fisher Trusts is incapable of managing her assets to her own best interest and advantage, and that (2) the Fisher Trusts' assets are not currently ready for distribution to the beneficiary or subject to garnishment. The *in camera* submission shows that the Fisher Trustee exercised—and had been exercising—its discretion in this manner. The *in camera* evidence was offered to the Court and submitted to the Court in strict compliance with the Court's August 14, 2018 Order.[2] Only after the parties concluded summary judgment briefing and the Order was entered did the Trustee learn and understand that the Court had not reviewed the *in camera* materials.

The perfect storm of events, highlighted in pages 5-8 of the Trustee's Motion for Reconsideration, Dkt. #42 (PROCEDURAL HISTORY RELATING TO *IN CAMERA* DOCUMENTS), resulted in a manifest injustice to the Fisher Trusts and a manifest error in the Order. With the fullest respect for the Court's time and the standards for reconsideration, and with an eye towards having matters decided upon substantive bases instead of technical or procedural irregularities, reconsideration should be granted.

---

[1] Dkt. #11-1, p.12, l. 3.
[2] Dkt. #22.

GARNISHEE DEFENDANT BANK OF THE WEST'S REPLY TO PLAINTIFF'S RESPONSE TO MOTIONS FOR RECONSIDERATION BY GARNISHEE BANK AND DEFENDANT SHARON BINGHAM: CASE NO. CASE NO. 2:18-CV-00786-RAJ - 2
PDX\103332\240553\CWC\24521882.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

A. **Procedural irregularities led to the court's misapprehension, and directly caused a manifest injustice and error.**

Courts have discretion to grant reconsideration.[3] Reconsideration is an available remedy where a misapprehension has occurred.[4] Grants of reconsideration are reviewed for abuse of discretion only.[5]

The procedural complications in this case caused entry of summary judgment on a technicality, rather than the true merits of the dispute. That outcome does not serve justice for either party. The Ninth Circuit has stated that "a case should, whenever possible, be decided on the *merits*."[6] Reconsideration would allow the Court to appropriately examine the merits of this case.

  1. **Procedural irregularities relating to the submission and treatment of the *in camera* evidence created manifest error.**

Plaintiff's response brief mentions that "reconsideration should not be granted, absent highly unusual circumstances."[7] This point is well-taken, but does not discourage reconsideration here. In fact, reconsideration is a useful tool in a variety of unusual situations, including cases like this one. Multiple jurisdictions recognize the value of reconsideration

---

[3] *Medtrica Solutions Ltd. v. Cygnus Med. LLC*, No. C12-538RSL, 2014 WL 11906650, at *2 (W.D. Wash. July 10, 2014) ("the court exercises discretion to grant Medrica's and Steris's motion for reconsideration); *Beck v. Adams*, No. 1:09-cv-00468-LJO-SMS PC, 2009 WL 2171539, at *1 (E.D. Cal. July 21, 2009) ("The Court has discretion to reconsider and vacate a prior order.").
[4] *See Stobaugh v. Wood*, 50 F.3d 16, 16 n.3 (9th Cir. 1995); *Pac. Sound Res. v. Burlington Northern and Santa Fe Railway Co.*, No. Co4-1654L, 2006 WL 1441983, at *1 (W.D. Wash. 2006) ("The Western District of Washington allows a party to submit a motion for reconsideration of a court order to propose review of matters that 'were overlooked or misapprehended by the court.'"), citing LCR 7(h)(2).
[5] *See Kaloud, Inc. v. Shisha Land Wholesale, Inc.*, 741 Fed. Appx. 393, 395 (9th Cir. 2018) ("A district court may grant a motion for reconsideration if it 'committed clear error.' . . . We review for abuse of discretion.") (internal citations omitted); *see also In re Reynolds*, 235 Fed. Appx. 487, 487 (9th Cir. 2007) ("We review for abuse of discretion a bankruptcy court's decision to grant a motion for reconsideration.").
[6] *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) (discussing the preference toward deciding cases on the merits in context with a Federal Rule 60(b) motion for relief from default judgment) (emphasis added); *accord United States v. Signed Personal Check No, 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).
[7] Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).

GARNISHEE DEFENDANT BANK OF THE WEST'S REPLY TO PLAINTIFF'S RESPONSE TO MOTIONS FOR RECONSIDERATION BY GARNISHEE BANK AND DEFENDANT SHARON BINGHAM: CASE NO. CASE NO. 2:18-CV-00786-RAJ - 3
PDX\103332\240553\CWC\24521882.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

where a court misunderstands or misapprehends a party.[8] In *Bank of Waunakee*, the Seventh Circuit quoted Justice Cardozo with regards to reconsideration and misapprehension:

> Can it be that [the litigant] is remediless? An appeal will not aid him, for that must be heard upon the papers on which the motion was decided.... A grievous wrong may be committed by some misapprehension or inadvertence by the judge for which there would be no redress, if this power did not exist.[9]

Courts widely encourage reconsideration for misapprehension and otherwise manifestly unjust outcomes. Similar standards apply for Local Rule 7 and Federal Rule 59 motions. Rule 59 reconsideration is granted "to correct manifest errors of law or fact upon which the judgment is based . . . to allow the moving party the opportunity to present newly discovered or previously unavailable evidence . . . to prevent manifest injustice . . . [or] to reflect an intervening change in controlling law."[10] Manifest injustices are defined as "direct, obvious, and observable" errors; manifest errors are "plain and indisputable . . . amount[ing] to a complete disregard of the controlling law or the credible evidence in the record."[11]

The failure to consider the Discretion Evidence submitted *in camera*—or at least rule on the treatment of the evidence—caused a direct, obvious, and observable injustice to the Fisher Trustee. The Trustee originally identified the existence of the Discretion Evidence, and its confidential nature, in its response to Plaintiff's Declaration Controverting the garnishment answer. (See Dkt. #11-1, p. 12 and note 3 "[t]he Trustee has exercised and continues to exercise that discretion" and "[i]f the Court requires further information regarding the Trustee's basis

---

[8] *See Leone v. United States*, 233 F. Supp.3d 1366, 1371 (S.D. Fla. 2017) ("Instead a motion for reconsideration is appropriate where the 'Court has patently misunderstood a party. . . or has made an error not of reasoning but of apprehension.'") (internal citations excepted);
[9] *Id.*, 906 F.2d at 1191—92.
[10] *In re Oak Park Calabasas Condominium Ass'n*, 302 B.R. 682, 283 (Bankr. C.D. Cal. 2003).
[11] *Id.*, quoting Black's Law Dictionary 563 (7th ed. 1999); *see also In re Ludkte*, No. 14-18207, 2015 WL 6684222, at *2 (Bankr. W.D. Wash. June 30, 2015) (citing the Rule 59 standard and comparing it to Local Rule 7(h)); *Kowalski v. Anova Food, LLC*, 958 F.Supp.2d 1147, 1154 (D. Haw. 2013), ("a manifest error of law . . . must show that the Court 'committed clear error or that the initial decision was manifestly unjust.'"), quoting *Reliance Ins. Co. v. Doctors Co.,* 299 F.Supp.2d 1131, 1154 (D. Haw. 2003).

GARNISHEE DEFENDANT BANK OF THE WEST'S REPLY TO PLAINTIFF'S RESPONSE TO MOTIONS FOR RECONSIDERATION BY GARNISHEE BANK AND DEFENDANT SHARON BINGHAM: CASE NO. CASE NO. 2:18-CV-00786-RAJ - 4
PDX\103332\240553\CWC\24521882.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

for exercising its uncontrolled discretion, the Trustee will provide information for review *in camera* at the Court's request."). The Court ordered the submission (Dkt. #22), and the Trustee submitted the evidence in direct compliance. A simultaneous Minute Order was entered staying the prior order, but the Trustee had already made the submission. Ebel Decl., Dkt. #44, para. 5. There was no indication from the Court that it would not or had not reviewed the materials until the Order was entered. The Trustee reasonably believed it had put forth the evidence to the Court's attention before the Order was decided. The procedural irregularity between the Court's decisions on summary judgment and the time at which it informed the parties it would not consider the *in camera* evidence created a misunderstanding between the Court and the Garnishee Defendant. The result was a manifest injustice to the Trusts.

> 2. The Court's request for *in camera* review and subsequent determinations are directly linked to manifest error.

The Court at page 7 of the Order relies on *In re Pettit* for the proposition that "where a valid spendthrift trust exists… the portion of the trust which has accrued and is ready for distribution to the beneficiary is subject to seizure."[12]  In determining what portion of the Fisher Trusts may have accrued and been ready for distribution to the Defendant, the Court found that the Fisher Trust documents give the Trustee uncontrolled discretion only in the context of making a determination the beneficiary is incapable of managing the assets to her own best interest and advantage.

The Court's finding means that the Trustee had to exercise its uncontrolled discretion in order for the Trusts' assets not to be considered ready for distribution to the beneficiary. However, the Court, in the same Order, also determined it would not consider the *in camera* evidence which directly related to the Trustee's basis for exercising its uncontrolled discretion and had been submitted specifically in response to the Court's August 14, 2018 Minute Order. By not considering the *in camera* submission or that the Trustee exercised its discretion, the

---

[12] 61 B.R. 341 (W.D. Wash. Bankr. 1986), at 346

GARNISHEE DEFENDANT BANK OF THE WEST'S REPLY TO PLAINTIFF'S RESPONSE TO MOTIONS FOR RECONSIDERATION BY GARNISHEE BANK AND DEFENDANT SHARON BINGHAM: CASE NO. CASE NO. 2:18-CV-00786-RAJ - 5
PDX\103332\240553\CWC\24521882.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

Court consequently determined the Fisher Trust assets were ready for distribution and actual property of the beneficiary.[13] Respectfully, had the Court considered the *in camera* evidence, or informed the parties prior to the briefing deadline that it would not, then the Court would have found the Fisher Trustee had indeed exercised its, and that the beneficiary in fact had no mechanism to demand distribution of trust assets. The result was a manifest injustice to the Trusts and the Defendant.  The outcome is contrary to the facts and merits of the case.

### 3. Plaintiff's additional arguments regarding manifest error fail.

Plaintiff asserts numerous arguments in support of its position that no manifest error occurred in connection with the *in camera* evidence. Notwithstanding that Plaintiff ignores the Trustee's cited authority that a manifest injustice qualifies as a manifest error, Plaintiff's arguments fail on separate grounds.

First, it does not matter whether the Trustee referred to the *in camera* submission in the summary judgment briefing or not. Plaintiff's argument belies the point. The Trustee (and impliedly the Plaintiff) believed the evidence was already before the Court.

Second, Plaintiff is incorrect that the Trustee was aware that the *in camera* materials were not before the Court.  The Declaration of David Ebel, Dkt. #44, paras. 2-5, explains the Trustee and its counsel's understandings as to the treatment of the *in camera* evidence. Further, the procedural history relating to the *in camera* submission, particularly the timing of the filings and the absence of any information from the Court whether the *in camera* evidence had been reviewed or not, justifies the Trustee's belief and why it was reasonable.  Even Plaintiff's own briefing implies it thought the evidence was before the Court. At Dkt. #28, p.3, ll. 5-8 after the *in camera*  submission and <u>after</u> the Court's simultaneous Minute Order staying the order to submit the materials *in camera*, Plaintiff writes "[i]f there is any further delay in

---

[13] This is reflected in a footnote to the Court's reference to *In re Pettit*, where the Court provided that the Trustee's citation to *BF Goodrich v. Thrash*, 15 Wash.2d 624 (1942), was misplaced since "the beneficiaries in *BF Goodrich* had no mechanism to demand distribution of trust assets."

GARNISHEE DEFENDANT BANK OF THE WEST'S REPLY TO PLAINTIFF'S RESPONSE TO MOTIONS FOR RECONSIDERATION BY GARNISHEE BANK AND DEFENDANT SHARON BINGHAM: CASE NO. CASE NO. 2:18-CV-00786-RAJ - 6
PDX\103332\240553\CWC\24521882.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

providing [the *in camera* evidence] to Plaintiff, Plaintiff respectfully requests that the Court vacate the current September 6, 2018 deadline for motions for summary judgment. Dkt. #24. Plaintiff cannot reasonably be expected to engage in motion practice based on secret evidence it has not been provided."

Third, the Trustee does not ask in this motion that summary judgment be based on *in camera* submissions. Just the contrary, the Trustee identifies the procedural irregularities and resulting manifest injustice associated with the *in camera* evidence and asks the Court to reconsider its prior ruling in light of this evidence, which the Trustee reasonably attempted to bring to the Court's attention in August and which is now indisputably of record.

Fourth, Plaintiff's argument that it should have had access to the documents in August is unrelated to this motion or the motion for summary judgment. Whether or not the documents needed to be filed under seal is irrelevant. The Court ordered the *in camera* submission, the Trustee complied, and there was a resulting misunderstanding as to the treatment of that evidence.

**B.    The *in camera* evidence constitutes new evidence because the Fisher Trustee exercised reasonable diligence to bring it to the Court's attention in August 2018 and only learned at the time of the Court's November 21, 2018 Order that the evidence had not been reviewed by the Court.**

Local Civil Rule 7(h) requires a showing of manifest error or "a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." Plaintiff argues that the *in camera* evidence is not new evidence because it existed before the parties filed their motions for summary judgment. This is not the test. The test is whether the evidence *could have been brought to the Court's attention earlier with reasonable diligence*.

In this instance, the Fisher Trustee did bring the *in camera* evidence to the Court's attention by referencing it and, more importantly, by submitting it to the Court for the Court's *in camera* review. The Fisher Trustee did exactly as ordered by the Court. The efforts to bring

GARNISHEE DEFENDANT BANK OF THE WEST'S REPLY TO PLAINTIFF'S RESPONSE TO MOTIONS FOR RECONSIDERATION BY GARNISHEE BANK AND DEFENDANT SHARON BINGHAM: CASE NO. CASE NO. 2:18-CV-00786-RAJ - 7
PDX\103332\240553\CWC\24521882.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

the evidence to the Court's attention were reasonable. Only after the fact, in the Order, did the Trustee learn that its efforts were unsuccessful and/or that the Court did not review the materials. Indeed, the procedural irregularities with the *in camera* submission caused confusion among all parties as to the Court's treatment.  Even the Plaintiff alluded to the *in camera* evidence as "secret evidence" before the Court. Pages 5 through 8 of the Fisher Trustee's Motion for Reconsideration detail the procedural history relating to the *in camera* evidence. See Dkt. #42, p. 5-8.

As an additional matter, the Trustee disputes Plaintiff's characterization of the *in camera* evidence as not "new" for several other reasons. First, the *in camera* evidence is certainly "new" as to Defendant Bingham, as she did not previously have access to it. Second, Plaintiff's primary argument for the proposition that the *in camera* evidence is not "new" is that "[b]oth BOTW and Defendant offer 'no reason why the [declarations] could not have been obtained' earlier and filed with their summary judgment papers." Pl. Response at 4.  The declarations of Thibedeau, Bucklin and Hobson should be considered by the Court because they provide context for the *in camera* evidence.  They would not have been appropriate at the time of the *in camera* submission.  The Trustee's file documents were submitted to the Court but briefing and newly prepared witness declarations were not, as they could have been considered ex parte submissions outside the scope of the Court's order. Only now, in light of the procedural history and the Order, are they appropriate to provide context for the new evidence of record. Their submission was necessitated at this juncture by the reconsideration motions.

C. **If evidence that the Trustee exercised its discretion is relevant, then the *in camera* evidence warrants a reversal or modification of the Court's Order.**

   1. <u>Application of *In re Petit* results in finding that the Trust assets are not subject to garnishment.</u>

The court at page 7 of the Order relies on *In re Pettit* for the proposition that "where a

GARNISHEE DEFENDANT BANK OF THE WEST'S REPLY TO PLAINTIFF'S RESPONSE TO MOTIONS FOR RECONSIDERATION BY GARNISHEE BANK AND DEFENDANT SHARON BINGHAM: CASE NO. CASE NO. 2:18-CV-00786-RAJ - 8
PDX\103332\240553\CWC\24521882.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

valid spendthrift trust exists… the portion of the trust which has accrued and is ready for distribution to the beneficiary is subject to seizure."[14] As mentioned above, the Court also submitted that the Trustee's citation to *BF Goodrich v. Thrash*[15] was misplaced because "the beneficiaries in *BF Goodrich* had no mechanism to demand distribution of trust assets." This is the crux of the matter: whether the beneficiary has the ability to demand distribution from the Fisher Trusts. Respectfully, the Court's application and/or interpretation of *In re Pettit* was incomplete and it was error to find *B.F. Goodrich* inapplicable. Both cases say similar things, cite to almost identical statutory language,[16] and are consistent with the findings in *Knettle v. Knettle.*[17] That is, where property has been held in an actively managed trust, or the property has proceeded from a person other than the beneficiary, it is a valid Washington statutory spendthrift trust. Where a valid spendthrift trust exists, only the portion that is currently ready for distribution to the beneficiary is subject to seizure.

In the *In re Pettit* case, a bankruptcy case, the issue was whether a debtor's beneficial interest in two employee benefit plans were property of the bankruptcy estate. The Court found that the employee plans must be examined under Washington state law to determine whether or not they would qualify as spendthrift trusts and that if they were so qualified, they would be excluded from the estate under section 541(c)(2). The Court in *In re Pettit* acknowledged that "the degree of control that the debtor may exercise over the trust assets is a crucial factor in determining the issue of inclusion in, or exclusion from, the bankruptcy estate."[18]

The two employee benefit plans in *In re Pettit* are distinct. The first was a savings plan that allowed the debtor to withdraw the entire savings plan's vested amount at any time the

---

[14] 61 B.R. 341 (W.D. Wash. Bankr. 1986) at 346.
[15] 15 Wash.2d 624 (1942)
[16] This language is currently found in RCW 6.32.250, "This chapter does not authorize the seizure of, or other interference with . . . (2) any money, thing in action or other property held in trust for a judgment debtor where the trust has been created by, or the funds so held in trust has proceeded from, a person other than the judgment debtor."
[17] *Knettle v. Knettle*, 197 Wash. 225, 84 P.2d 996 (1938).
[18] *Id*. at 346.

GARNISHEE DEFENDANT BANK OF THE WEST'S REPLY TO PLAINTIFF'S RESPONSE TO MOTIONS FOR RECONSIDERATION BY GARNISHEE BANK AND DEFENDANT SHARON BINGHAM: CASE NO. CASE NO. 2:18-CV-00786-RAJ - 9
PDX\103332\240553\CWC\24521882.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

debtor wished to do so.[19] Based on this finding, that the debtor could withdraw the savings plan assets on demand, the Court found that this plan is not an enforceable spendthrift trust under Washington law, that the assets to belong to the debtor, and the funds are property of the estate.[20]

The second plan addressed was an employee stock ownership plan ("ESOP"). It "is funded solely by the employer and the stock so held may be reached by the employee only under strictly limited circumstances."[21] The analysis of this latter plan in connection with Washington law on treatment of spendthrift trusts is more complicated than the savings plan. With the ESOP, there was distinct treatment of shares contributed by the employer prior to 1983 and those shares contributed after 1983. The court found that:

> contributions made prior to 1983 as to which the seven year trust period still attached are also the subject of a valid spendthrift trust since the beneficiary could not reach them until after the trust period expired.  As to the stock contributed prior to 1983 which had passed beyond the seven year trust period, and therefore was subject to disbursement to the beneficiary **on demand**, it was no longer protected by the spendthrift provisions of the trust.[22]

The Court found that the ESOP was not property of the estate because it was an enforceable spendthrift trust (i.e., the debtor/beneficiary could not demand the plan assets.). "That portion, however, which was distributable at the time the petition was filed is property of the estate because the restriction on the beneficial interest no longer applied."[23]

Like our case, there is no debate that the employee benefits plan assets in *In re Petit* could one day be distributable to the debtor/beneficiary. The issue was that the assets in the ESOP plan were not yet distributable to her because she could not *demand* that those funds be distributed to her at that time.  Therein lies the key distinction.  Like the ESOP plan in *In re*

---

[19] *Id.*
[20] *Id.*
[21] *Id.*
[22] *Id.* at 346-347 (emphasis added)
[23] *Id.* at 347.

GARNISHEE DEFENDANT BANK OF THE WEST'S REPLY TO PLAINTIFF'S RESPONSE TO MOTIONS FOR RECONSIDERATION BY GARNISHEE BANK AND DEFENDANT SHARON BINGHAM: CASE NO. CASE NO. 2:18-CV-00786-RAJ - 10
PDX\103332\240553\CWC\24521882.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

*Petit,* the Fisher Trust assets do not belong to the defendant/beneficiary for purposes of garnishment because she cannot demand that those assets be distributed to her and automatically have them distributed. This is because prior to the subject garnishment the Fisher Trustee exercised its discretion and determined that the beneficiary is incapable of managing the assets to her own best interest and advantage and therefore withheld distribution of the Fisher Trusts assets.

In interpreting the language of the Fisher Trusts, the Court determined the Trustee's uncontrolled discretion related only to its ability to make a determination of whether the beneficiary is incapable of managing the assets of the Trusts to her own best interest and advantage. Should the Trustee make this determination, the Trustee would be able to withhold distributions (as it did) and prevent the beneficiary from accessing the Fisher Trust assets (as it did). The Fisher Trust assets would not be ready for distribution to the beneficiary and therefore would not be subject to garnishment and seizure.

The critical component of the Court's analysis of whether the Fisher Trusts are subject to garnishment is therefore whether or not the Trustee exercised its discretion to determine that the beneficiary is incapable of managing the assets of the trust to her own best interest and advantage. The Fisher Trustee had previously stated it had made this determination[24] and it submitted evidence it had exercised its discretion prior to the garnishment to the Court pursuant to the Court's Minute Order of August 14, 2018.[25]

        2. <u>Failure to review *in camera* evidence results in distorted holding and manifest injustice.</u>

The Court's decision to not consider the *in camera* evidence in its possession was error. The Court was aware the evidence had been submitted to address the Fisher Trustee's use of its discretion. Not reviewing that evidence meant that the Court did not consider any evidence

---

[24] Dkt. #11-1, p.12, line 3
[25] It should be noted, as argued in the Trustee's Motion for Summary Judgment, that the Fisher Trusts continue to be valid Washington Discretionary Spendthrift Trusts, and their assets are not garnishable pursuant to RCW 6.32.250.

GARNISHEE DEFENDANT BANK OF THE WEST'S REPLY TO PLAINTIFF'S RESPONSE TO MOTIONS FOR RECONSIDERATION BY GARNISHEE BANK AND DEFENDANT SHARON BINGHAM: CASE NO. CASE NO. 2:18-CV-00786-RAJ - 11
PDX\103332\240553\CWC\24521882.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

of the Trustee's exercise of discretion or restriction on distributions from the Fisher Trusts. That outcome is incompatible with the court's earlier request for the evidence, as well as the purported relevance both the Plaintiff and the Court deemed it had. To the extent that the Trustee's exercise of discretion forms the crux of the Court's classification of the Fisher Trusts as Discretionary Spendthrift Trusts, evidence of prior use of discretion was of the utmost importance.

The Trustee in no way attempted to hide this evidence or reserve it for a later time. To the contrary, even when arguing that it was both confidential and irrelevant, the Trustee *still* offered it to the Court. That offer is evidence of reasonable diligence, and its acceptance by the Court was a reasonably interpreted signal that it was "before the Court" for review. All parties, regardless of their ability to access the evidence, were aware of its existence and waiting in anticipation of the decision rendered on the *in camera* materials. To now deny the Trustee—who was, respectfully, blindsided in learning that the evidence had not been reviewed—reconsideration in this situation would work a substantial injustice and decide an important portion of this case on the basis of a procedural technicality, rather than the merits of the underlying case or the status of the controlling law.

## III.   CONCLUSION

Cases should be decided on the merits, not technicalities or procedural irregularities. For the reasons set forth above, the Fisher Trustee's Motion for Reconsideration should be granted.

/ / /

/ / /

/ / /

/ / /

/ / /

GARNISHEE DEFENDANT BANK OF THE WEST'S REPLY TO PLAINTIFF'S RESPONSE TO MOTIONS FOR RECONSIDERATION BY GARNISHEE BANK AND DEFENDANT SHARON BINGHAM: CASE NO. CASE NO. 2:18-CV-00786-RAJ - 12
PDX\103332\240553\CWC\24521882.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

Dated this 18th day of January, 2019.

                                      SCHWABE, WILLIAMSON & WYATT, P.C.

By:   /s/ David R. Ebel
       David R. Ebel, WSBA #28853
       Email: debel@schwabe.com

By:   /s/ M. John Way
       M. John Way, WSBA #37052
       Email: mjway@schwabe.com
       *Attorneys for Bank of the West as Trustee for O.D. Fisher Trust and Nellie Hughes Fisher Trust*

GARNISHEE DEFENDANT BANK OF THE WEST'S REPLY TO PLAINTIFF'S RESPONSE TO MOTIONS FOR RECONSIDERATION BY GARNISHEE BANK AND DEFENDANT SHARON BINGHAM: CASE NO. CASE NO. 2:18-CV-00786-RAJ - 13

PDX\103332\240553\CWC\24521882.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

# CERTIFICATE OF SERVICE

The undersigned declares under penalty of perjury, under the laws of the State of Washington, that the following is true and correct:

That on the 18th day of January, 2019, I electronically filed the foregoing **GARNISHEE DEFENDANT BANK OF THE WEST'S REPLY TO PLAINTIFF'S RESPONSE TO JOINT MOTIONS FOR RECONSIDERATION BY GARNISHEE BANK AND DEFENDANT SHARON BINGHAM** with the Clerk of the Court using the CM/ECF system.

| | |
|---|---|
| William R. Squires III<br>Email: rsquires@corrcronin.com<br>Corr Cronin LLP<br>1001 Fourth Avenue, Suite 3900<br>Seattle, WA 98154<br>Tel: 206.625.8600<br>Fax: 206.625.0900<br>***Attorney for Plaintiff LVB-Ogden Marketing LLC*** | Nathan J. Arnold<br>Email: nathan@jjalaw.com<br>Johnston Jacobowitz & Arnold, PC<br>2701 First Avenue, Suite 200<br>Seattle, WA 98121<br>Tel: 206.866.3230<br>Fax: 206.866.3234<br>***Attorney for Defendant Sharon Bingham*** |

/s/ David R. Ebel
David R. Ebel, WSBA #28853

CERTIFICATE OF SERVICE - 1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
U.S. Bank Centre
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone 206-622-1711

PDX\103332\240553\CWC\24521882.1