Honorable Thomas S. Zilly

Emanuel Jacobowitz, WSBA No. 39991
Nathan J. Arnold, WSBA No. 45356
R. Bruce Johnston, WSBA No. 4646
Johnston Jacobowitz & Arnold, PC
2701 First Ave, Suite 200
Seattle, WA 98121
Manny@JJALaw.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| LVB-OGDEN MARKETING, LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>SHARON G. BINGHAM,<br><br>   Defendant,<br><br>BANK OF THE WEST,<br><br>   Garnishee. | Case No. 2:18-cv-00786 TSZ<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION**<br><br>**NOTED FOR HEARING: JANUARY 18, 2018**<br><br>ORAL ARGUMENT REQUESTED |

## I.   INTRODUCTION

Plaintiff LVB-Ogden Marketing, LLC asks this Court to find, as a matter of law, that a spendthrift trust's Trustee cannot act for the purpose of protecting the assets in trust from a beneficiary's creditors. Respectfully, that is the very reason spendthrift trusts exist. LVB asks the Court to find, as a matter of first impression, that Washington law requires a spendthrift beneficiary—not the trustee—to protect trust assets from a writ, which again inverts the concept of spendthrift trusts. And LVB asks the Court to ignore new evidence which, although available

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION - 1

JOHNSTON JACOBOWITZ & ARNOLD, PC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WASHINGTON 98121-1126
(206) 866-3230  Fax (206) 866-3234

to the Trustee, was not available to the beneficiary. None of these arguments hold water; respectfully, the Court should reconsider its order.

## II.     AUTHORITY

Mrs. Bingham joins in the reply arguments of Bank of the West, and adds:

LVB's primary argument, boiled down to essentials, is that Garnishee, Trustee Bank of the West ("BOTW") has been "colluding" with Mrs. Bingham to help her evade creditors, by "falsely designat[ing]" her as "incapable of managing to his or her own best interest and advantage the property" entrusted to BOTW by her grandparents. Dkt. No. 57 at 2:11, 6:17, 11:22. That argument fails factually and legally.

Factually, there is no evidence of "collusion," far less of any control exercised by Mrs. Bingham over BOTW's decision. The undisputed evidence is that Mrs. Bingham was not informed why the Trustee maintained the trust after her mother died, never instructed BOTW in that regard, had no input at the time, and could not even get BOTW's record of the decision when her attorney asked for it. That Mrs. Bingham's friend, Mr. Dean, had asked BOTW, years earlier but after BOTW had become trustee, for reassurance that Mrs. Bingham would not have to handle the trust corpus in the event of her mother's death, does not even suggest control. That dog won't hunt.

Further, BOTW's records, now that Mrs. Bingham has seen them, show that BOTW had ample basis, even beyond Mrs. Bingham's debts, to determine that she couldn't manage the funds to her "best interest and advantage." BOTW's Committee **also** expressly relied on the

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION - 2

JOHNSTON JACOBOWITZ & ARNOLD, PC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WASHINGTON 98121-1126
(206) 866-3230  Fax (206) 866-3234

facts that she had fallen for a (hundreds-of-million dollars) fraud, lost another $6,000,000, and had expenses that "exceed her income by more than $400,000." Jacobowitz Dec. (Dkt. No. 49) Exh. A at BOTW 000084.

LVB fails to cite authority for its novel interpretation of the Fisher Wills or the applicable statute. Both should be construed with regard to foundational trust principles. Despite LVB's outrage that the Trustee wishes to shield trust assets, the very purpose of spendthrift trusts is to protect the assets from the debts which the beneficiary may incur by her own folly. *Milner v. Outcalt*, 36 Wn.2d 720, 722, 219 P.2d 982, 984 (1950); *Knettle v. Knettle*, 164 Wash. 468, 480, 3 P.2d 133, 137 (1931) ("it is not in the power of a court of equity to subject to the satisfaction of the demands of a creditor the income of a trust fund…where such trust was created by one other than the debtor.") (quoting *Jourolman v. Massengill*, 86 Tenn. 81, 5 S. W. 719, 734 (1887)); *and see*, *e.g.*, *Shelton v. King*, 229 U.S. 90, 97, 33 S. Ct. 686, 688, 57 L. Ed. 1086 (1913) (testator has right to "bestow that which is absolutely his own as to secure its beneficial enjoyment by an object of his bounty without being subject to the claims of assignees or creditors.") BOTW had both the right and the duty to protect the assets from creditors.

LVB therefore argues that the Fisher Wills absolutely, unambiguously, required the Trustee to terminate the Trust. Dkt. No. 57 at 10. Not so. The wills vest the Trustee with "uncontrolled discretion" to determine whether, and for how long, Mrs. Bingham is "incapable of managing" the assets to her "best interest and advantage." LVB glosses out the latter phrase entirely, contending that the Trustee can prolong the Trust only if Mrs. Bingham is "incapacitated," and "not capable at all" of "receiving and handling money." Dkt. No. 57 at

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION - 3

JOHNSTON JACOBOWITZ & ARNOLD, PC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WASHINGTON 98121-1126
(206) 866-3230  Fax (206) 866-3234

10:18 & n.11.  But that is simply not what the Fisher Wills say.  The Fisher Wills were drafted by a fine attorney who, if that had been the trustors' intent, could easily have used the word "incapacitated," a word with well-understood legal significance, or left out the phrase, "best interest and advantage."  The Trustee could simply have been directed to distribute the funds 'unless the beneficiary is incapacitated.'  Instead, the Fisher Wills require the Trustee to make a judgment call—can the beneficiary currently use the assets **wisely**—in his "uncontrolled discretion."  The word, "discretion," in a trust instrument, commands a court's respect: "where discretion is conferred upon a trustee, the exercise thereof is not subject to control by the court *except to prevent an abuse of such discretion*."  *Peoples Nat. Bank of Wash. in Seattle v. Jarvis*, 58 Wn.2d 627, 630, 364 P.2d 436, 439 (1961) (emphasis in original) (summary judgment in favor of trustee upheld where no abuse shown); *accord*, *Occidental Life Ins. Co. of Cal. v. Blume*, 65 Wn.2d 643, 648, 399 P.2d 76, 79 (1965) (citing Bogert, Trusts and Trustees (2d ed.) s 560; and citing Restatement of Trusts § 187).  LVB's belief that Mrs. Bingham's college education overrides her record of recent financial folly cannot displace the Trustee's sound discretion.

If any of this were in dispute, however, these fact issues cannot be decided on summary judgment.

LVB further argues that even if the trusts were active and therefore not property owed to Mrs. Bingham, which is the scope of the writ, BOTW had to list the trust assets in answer to the writ, in that only Mrs. Bingham could have claimed the "exemption."  Again, LVB cites no authority for this statutory interpretation, which again flies in the face of trust principles.  The

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION - 4

JOHNSTON JACOBOWITZ & ARNOLD, PC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WASHINGTON 98121-1126
(206) 866-3230  Fax (206) 866-3234

trustee, not the beneficiary, usually has the knowledge, obligation, and sophistication to protect the trust. A beneficiary cannot waive rights of the trustee and other beneficiaries (in this case, the remaindermen under the wills in the event of Mrs. Bingham's death).

LVB's broader "gotcha" argument, that the rights would be absolutely waived, despite actual notice to LVB and good-faith confusion on the part of both garnishee and defendant as to the application of the statutes to these facts, is also mistaken. LVB cites to *U.S. Fid. & Guar. Co. v. Hollenshead*, 51 Wash. 326, 328, 98 P. 749, 750 (1909), but that opinion actually holds (emphasis added): "While, in garnishment proceedings this method **could not be held to be exclusive**, yet, **if** the debtor adopts it, nothing short of substantial compliance will avail." It is fundamental that "[e]xemption laws are humane in their purpose, and are to be liberally construed in favor of debtors." *Van Slyke v. Bumgarner*, 177 Wash. 326, 329, 31 P.2d 1014, 1015 (1934). Supplemental proceedings are equitable, *Washington Tr. Co. v. Blalock*, 155 Wash. 510, 516, 285 P. 449, 451 (1930). "Substantial compliance," if required, "means a court should determine whether the statute has been followed sufficiently so as to carry out the intent for which the statute was adopted. *Application of Santore*, 28 Wn. App. 319, 327, 623 P.2d 702, 707–08 (1981). The purpose of RCW 6.27.160 is to provide seasonable notice to the creditor, not to let the creditor set a trap for the unwary. The creditor here was well aware that the assets were in trust and were claimed not to be subject to execution against the beneficiary: that is the very premise of LVB's claim in the companion case brought against Mrs. Bingham, 2:18-cv-00243 (ECF No. 1 ¶¶ 66, 95(g)), for a declaration that the Fisher Trust is terminated. In that action, Mrs. Bingham had—well before the supposed deadline to respond to this writ—moved

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION - 5

JOHNSTON JACOBOWITZ & ARNOLD, PC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WASHINGTON 98121-1126
(206) 866-3230  Fax (206) 866-3234

to dismiss that claim (ECF No. 48 at 5–6).  LVB asks the Court to hold that even though it knew the assets were in trust, knew where and what they were, and even though Mrs. Bingham had given notice that she opposed execution and did not concede the trust had terminated, LVB lacked sufficient notice to pursue execution.  That is beyond absurd.  If the Court takes up, now or later, the question of Mrs. Bingham's exemption notice, which she served on LVB as soon as the Court ruled that, contrary to her and BOTW's understanding, the trust assets should have been redundantly disclosed in response to LVB's writ, it should either deem it unnecessary, or sufficient.

Lastly, LVB argues, in a footnote, that the new evidence of the Trustee's exercise of discretion cannot support Mrs. Bingham's motion for reconsideration, because she supposedly failed to exercise sufficient diligence to find the evidence beforehand, by "failing to compel production."  Dkt. No. 57 at 5 n.2.  LVB fails to point to any procedural mechanism in a garnishment case for the judgment debtor to compel production from the garnishee.  Nor is it clear why she should have gone to heroic lengths, even had there been some way, where the garnishee had a motion pending for leave to submit the material *in camera*.

### III.     CONCLUSION

For these reasons, as well as those set forth in prior briefing, the Court should grant Mrs. Bingham's motion.

DATED this 18th day of January, 2019.

**JOHNSTON JACOBOWITZ & ARNOLD, PC**

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION - 6

JOHNSTON JACOBOWITZ & ARNOLD, PC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WASHINGTON 98121-1126
(206) 866-3230  Fax (206) 866-3234

/s/ Emanuel Jacobowitz
Emanuel Jacobowitz, WSBA #39991
2701 First Avenue, Suite 200
Seattle, Washington 98121-1126
(206) 866-3230
Fax: (206) 866-3234
manny@jjalaw.com
*Counsel for Defendant Sharon G. Bingham*

DEFENDANT'S REPLY IN SUPPORT OF MOTION
FOR RECONSIDERATION - 7

JOHNSTON JACOBOWITZ & ARNOLD, PC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WASHINGTON 98121-1126
(206) 866-3230  Fax (206) 866-3234

CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the all other appearing parties.

DATED this 18th day of January, 2019.

**JOHNSTON JACOBOWITZ & ARNOLD, PC**

   /s/ Emanuel Jacobowitz
Emanuel Jacobowitz, WSBA #39991
2701 First Avenue, Suite 200
Seattle, Washington 98121-1126
(206) 866-3230
Fax: (206) 866-3234
manny@jjalaw.com
*Counsel for Defendant Sharon G. Bingham*

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION - 8

JOHNSTON JACOBOWITZ & ARNOLD, PC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WASHINGTON 98121-1126
(206) 866-3230  Fax (206) 866-3234